

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00354-CR

BRADLEY HAROLD ANDREWS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I.  Introduction

In two issues, Appellant Bradley Harold Andrews appeals his burglary conviction.  We affirm.

## II.  Factual and Procedural Background

At around 11:45 p.m., Christopher Carter and K.T., Carter's girlfriend's daughter, were watching DVDs upstairs in the home that Carter shared with his

---

[1]*See* Tex. R. App. P. 47.4.

parents when Andrews, K.T.'s biological father, pounded on the door of the Carters' home and demanded to see K.T.[2]  Carter's parents, Charles and Diane, had been downstairs watching television; Charles answered the door.

Charles testified that Andrews entered the house when he saw Carter coming down the stairs.  After Carter told Andrews that he was not supposed to be anywhere near K.T., Andrews stepped across the threshold, raised his fist, and hit Carter.  Carter took a defensive position and told Andrews to back off.  After the initial altercation, Andrews backed out the front door and continued to yell about wanting his daughter back, and Diane called the police.  Andrews then reentered the house and repeatedly hit Carter.  After the second altercation, Charles was able to shut the front door, but Andrews remained outside the house, screaming profanities.

Carter and his parents testified that Carter had not fought back and that Andrews had entered the house without their consent.  After a jury convicted Andrews of burglary of a habitation, the trial court sentenced him to seven years' confinement.  This appeal followed.

### III.  Sufficiency of the Evidence

As set out in the State's indictment and the trial court's charge, a person commits burglary if, without the effective consent of the owner, he enters a habitation with intent to commit an assault or commits or attempts to commit an

---

[2]Carter testified that Andrews's parental rights to K.T. had been terminated.

assault. *See* Tex. Penal Code Ann. § 30.02(a)(1), (3), (c) (West 2011). In his first issue, Andrews argues that the evidence is insufficient to support his burglary conviction because the Carters impliedly consented to his entry on the premises. He does not challenge the sufficiency of the evidence proving the offense's remaining elements.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to

3

the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

To support his argument, Andrews points to Charles's testimony that he stepped aside when he realized that Carter and Andrews knew each other and were talking to each other. However, the jury also heard Charles testify that he opened the door only to try to identify who was on the other side and that this was not an invitation to Andrews to enter the home; that at no time during the course of events was Andrews invited into the house; and that Andrews did not have permission to enter. Further, Carter testified that Andrews was not welcome in the house and that he told Andrews that he should not be there before Andrews entered the house.[3] *See Mayfield v. State*, 188 S.W.3d 316, 319 (Tex. App.—Eastland 2006, pet. ref'd) ("The Penal Code does not require a forced entry, and burglary convictions have been affirmed in a variety of circumstances without one."). Viewing all of the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have resolved any conflicting inferences in favor of the verdict and found the essential elements of burglary beyond a reasonable doubt. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638. We overrule Andrews's first issue.

---

[3]Andrews admits in his brief that he was "uninvited" after the first assault; he directs us to no evidence that his second entry into the home was "invited."

4

## IV. Ineffective Assistance of Counsel

Andrews did not testify at trial. During closing arguments, his counsel told the jury regarding Andrews's not testifying, "You can hold that against me, but don't hold it against him. I made the decision for the Defense, my advice that you've heard enough. I concluded that you have heard enough."[4] In his second issue, Andrews argues that this statement constituted ineffective assistance.

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is

---

[4]Andrews also directs us to counsel's request to the trial court after sentencing, "At this time, Your Honor, he would like to give notice of appeal in open court and I would like to request the Court to appoint him a different counsel in order that he may bring up ineffective assistance of counsel on appeal."

5

highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must

6

be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

Andrews filed a motion for new trial, but he did not raise ineffective assistance of counsel as a ground, and the record does not reflect trial counsel's motive in attempting to shift any blame the jury might place on Andrews's failure to testify away from Andrews and to his counsel. *See Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63).

Further, counsel's plea to blame him instead of his client for Andrews's failure to testify may have been a logical strategy in light of the evidence at trial and Andrews's history with K.T. and K.T.'s mother.[5] *See Salinas*, 163 S.W.3d at 740; *see also Clark v. State*, 365 S.W.3d 333, 337 (Tex. Crim. App. 2012)

---

[5]Code of criminal procedure article 38.08 states, "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005). The statute's intent is to prohibit prosecutors from urging the jury to draw conclusions regarding the defendant's guilt from his failure to testify. *See, e.g., Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011) ("In assessing whether the defendant's Fifth Amendment right has been violated, courts must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument."); *Snowden v. State*, 353 S.W.3d 815, 823–24 (Tex. Crim. App. 2011) ("[T]he prosecutor's remark about the appellant's lack of remorse in the courtroom was an objectionable comment on the appellant's failure to testify because it highlighted for the jury the appellant's failure to take the stand and claim present remorse."); *see also Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App.) (noting that State's comment, "We respect his right to remain silent and we've done that . . . ," was a recognition that appellant possessed a *right* not to testify and was distinguishable "from cases in which the State comments negatively on the defendant's *failure* to testify"), *cert. denied*, 528 U.S. 1026 (1999).

("Defendants who take the stand are subject to the same rules governing the cross-examination of any other witness."); *Jefferson v. State*, No. 14-97-01018-CR, 1999 WL 496915, at *1–3 (Tex. App.—Houston [14th Dist.] July 15, 1999, no pet.) (not designated for publication) (concluding in similar circumstances that counsel's remark was not ineffective assistance).  Counsel specifically requested an instruction in the charge that the jury take no negative inference from Andrews's failure to testify, which the trial court granted.[6]  And counsel asked the jury in closing argument that if he had done "anything that annoyed any of you in any way, please don't hold that against my client."

Furthermore, the record does not reflect that but for counsel's alleged error, the result of the proceeding would have been different:  Three separate witnesses testified to the same series of events establishing the elements of burglary.  Andrews does not explain how trying to shift any concern about his not testifying to his counsel would have affected the outcome.  *See Strickland*, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068.  Therefore, we overrule Andrews's second issue.

## V. Conclusion

Having overruled both of Andrews's issues, we affirm the trial court's judgment.

---

[6]Counsel requested a lesser-included offense instruction on assault causing bodily injury, which the trial court also granted.

PER CURIAM

PANEL:  MCCOY, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 11, 2012