COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00354-CR

 

 


 
 
 Bradley Harold Andrews
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 372nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.    
Introduction

In
two issues, Appellant Bradley Harold Andrews appeals his burglary conviction.  We
affirm.

II.   
Factual and Procedural Background

At
around 11:45 p.m., Christopher Carter and K.T., Carter’s girlfriend’s daughter,
were watching DVDs upstairs in the home that Carter shared with his parents
when Andrews, K.T.’s biological father, pounded on the door of the Carters’
home and demanded to see K.T.[2]  Carter’s parents,
Charles and Diane, had been downstairs watching television; Charles answered
the door.

Charles
testified that Andrews entered the house when he saw Carter coming down the
stairs.  After Carter told Andrews that he was not supposed to be anywhere near
K.T., Andrews stepped across the threshold, raised his fist, and hit Carter. 
Carter took a defensive position and told Andrews to back off.  After the
initial altercation, Andrews backed out the front door and continued to yell
about wanting his daughter back, and Diane called the police.  Andrews then reentered
the house and repeatedly hit Carter.  After the second altercation, Charles was
able to shut the front door, but Andrews remained outside the house, screaming
profanities.

Carter
and his parents testified that Carter had not fought back and that Andrews had entered
the house without their consent.   After
a jury convicted Andrews of burglary of a habitation, the trial court sentenced
him to seven years’ confinement.  This appeal followed.

III.  
 Sufficiency of the Evidence

As
set out in the State’s indictment and the trial court’s charge, a person commits
burglary if, without the effective consent of the owner, he enters a habitation
with intent to commit an assault or commits or attempts to commit an assault.  See
Tex. Penal Code Ann. § 30.02(a)(1), (3), (c) (West 2011).  In his first issue,
Andrews argues that the evidence is insufficient to support his burglary conviction
because the Carters impliedly consented to his entry on the premises.  He does
not challenge the sufficiency of the evidence proving the offense’s remaining
elements.

In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State, 330
S.W.3d 633, 638 (Tex. Crim. App. 2010).            This standard gives full
play to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Isassi,
330 S.W.3d at 638.  The trier of fact is the sole judge of the weight and
credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(West 1979); Brown v. State, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008),
cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing an
evidentiary sufficiency review, we may not re-evaluate the weight and credibility
of the evidence and substitute our judgment for that of the factfinder.  Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v. State, 214 S.W.3d 9,
16–17 (Tex. Crim. App. 2007).  We must presume that the factfinder resolved any
conflicting inferences in favor of the verdict and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Isassi, 330 S.W.3d at 638.

To
support his argument, Andrews points to Charles’s testimony that he stepped
aside when he realized that Carter and Andrews knew each other and were talking
to each other.  However, the jury also heard Charles testify that he opened the
door only to try to identify who was on the other side and that this was not an
invitation to Andrews to enter the home; that at no time during the course of
events was Andrews invited into the house; and that Andrews did not have
permission to enter.  Further, Carter testified that Andrews was not welcome in
the house and that he told Andrews that he should not be there before Andrews
entered the house.[3]  See Mayfield
v. State, 188 S.W.3d 316, 319 (Tex. App.—Eastland 2006, pet. ref’d) (“The
Penal Code does not require a forced entry, and burglary convictions have been
affirmed in a variety of circumstances without one.”).  Viewing all of the
evidence in the light most favorable to the verdict, we hold that a rational
trier of fact could have resolved any conflicting inferences in favor of the
verdict and found the essential elements of burglary beyond a reasonable doubt. 
See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Isassi,
330 S.W.3d at 638.  We overrule Andrews’s first issue.

IV. 
 Ineffective Assistance of Counsel

Andrews
did not testify at trial.  During closing arguments, his counsel told the jury
regarding Andrews’s not testifying, “You can hold that against me, but don’t
hold it against him.  I made the decision for the Defense, my advice that you’ve
heard enough.  I concluded that you have heard enough.”[4] 
In his second issue, Andrews argues that this statement constituted ineffective
assistance.

To
establish ineffective assistance of counsel, the appellant must show by a
preponderance of the evidence that his counsel’s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.  Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Davis v. State, 278 S.W.3d 346, 352 (Tex.
Crim. App. 2009).

In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  The issue is whether
counsel’s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland,
466 U.S. at 688–89, 104 S. Ct. at 2065.  Review of counsel’s representation is
highly deferential, and the reviewing court indulges a strong presumption that
counsel’s conduct fell within a wide range of reasonable representation.  Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Salinas, 163 S.W.3d at 740; Thompson, 9 S.W.3d
at 813–14.  “In the majority of cases, the record on direct appeal is
undeveloped and cannot adequately reflect the motives behind trial counsel’s
actions.”  Salinas, 163 S.W.3d at 740 (quoting Mallett, 65 S.W.3d
at 63).  To overcome the presumption of reasonable professional assistance,
“any allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness.”  Id.
(quoting Thompson, 9 S.W.3d at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State, 226 S.W.3d 425, 432 (Tex. Crim.
App. 2007).

The
second prong of Strickland requires a showing that counsel’s errors were
so serious that they deprived the defendant of a fair trial, i.e., a trial with
a reliable result.  Strickland, 466 U.S. at 687, 104 S. Ct. at
2064.  In other words, appellant must show there is a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.  Id. at 694, 104 S. Ct. at 2068.  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Id.  The ultimate focus of our inquiry must be on the
fundamental fairness of the proceeding in which the result is being
challenged.  Id. at 697, 104 S. Ct. at 2070.

Andrews
filed a motion for new trial, but he did not raise ineffective assistance of
counsel as a ground, and the record does not reflect trial counsel’s motive in
attempting to shift any blame the jury might place on Andrews’s failure to
testify away from Andrews and to his counsel.  See Salinas, 163
S.W.3d at 740 (quoting Mallett, 65 S.W.3d at 63).

Further,
counsel’s plea to blame him instead of his client for Andrews’s failure to
testify may have been a logical strategy in light of the evidence at trial and Andrews’s
history with K.T. and K.T.’s mother.[5]  See Salinas,
163 S.W.3d at 740; see also Clark v. State, 365 S.W.3d 333, 337 (Tex.
Crim. App. 2012) (“Defendants who take the stand are subject to the same rules
governing the cross-examination of any other witness.”); Jefferson v. State,
No. 14-97-01018-CR, 1999 WL 496915, at *1–3 (Tex. App.—Houston [14th Dist.]
July 15, 1999, no pet.) (not designated for publication) (concluding in similar
circumstances that counsel’s remark was not ineffective assistance).  Counsel
specifically requested an instruction in the charge that the jury take no
negative inference from Andrews’s failure to testify, which the trial court
granted.[6]  And counsel asked the
jury in closing argument that if he had done “anything that annoyed any of you
in any way, please don’t hold that against my client.”

Furthermore,
the record does not reflect that but for counsel’s alleged error, the result of
the proceeding would have been different:  Three separate witnesses testified
to the same series of events establishing the elements of burglary.  Andrews
does not explain how trying to shift any concern about his not testifying to
his counsel would have affected the outcome.   See Strickland,
466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068.  Therefore, we overrule Andrews’s
second issue.

V.  
Conclusion

Having
overruled both of Andrews’s issues, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
MCCOY,
GARDNER, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 11, 2012

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00354-CR

 

 









 
 
 Bradley
 Harold Andrews
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (1204957D)
  
 October
 11, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

PER
CURIAM








 

 









[1]See Tex. R. App. P. 47.4.





[2]Carter testified that
Andrews’s parental rights to K.T. had been terminated.





[3]Andrews admits in his
brief that he was “uninvited” after the first assault; he directs us to no
evidence that his second entry into the home was “invited.”





[4]Andrews also directs us to
counsel’s request to the trial court after sentencing, “At this time, Your
Honor, he would like to give notice of appeal in open court and I would like to
request the Court to appoint him a different counsel in order that he may bring
up ineffective assistance of counsel on appeal.”





[5]Code of criminal procedure
article 38.08 states, “Any defendant in a criminal action shall be permitted to
testify in his own behalf therein, but the failure of any defendant to so
testify shall not be taken as a circumstance against him, nor shall the same be
alluded to or commented on by counsel in the cause.”  Tex. Code Crim. Proc.
Ann. art. 38.08 (West 2005).  The statute’s intent is to prohibit prosecutors
from urging the jury to draw conclusions regarding the defendant’s guilt from his
failure to testify.  See, e.g., Randolph v. State, 353 S.W.3d 887, 891
(Tex. Crim. App. 2011) (“In assessing whether the defendant’s Fifth Amendment
right has been violated, courts must view the State’s argument from the jury’s
standpoint and resolve any ambiguities in the language in favor of it being a permissible
argument.”); Snowden v. State, 353 S.W.3d 815, 823–24 (Tex. Crim. App.
2011) (“[T]he prosecutor’s remark about the appellant’s lack of remorse in the
courtroom was an objectionable comment on the appellant’s failure to testify
because it highlighted for the jury the appellant’s failure to take the stand
and claim present remorse.”); see also Fuentes v. State, 991 S.W.2d 267,
275 (Tex. Crim. App.) (noting that State’s comment, “We respect his right to
remain silent and we’ve done that . . . ,” was a recognition that appellant
possessed a right not to testify and was distinguishable “from cases in
which the State comments negatively on the defendant’s failure to
testify”), cert. denied, 528 U.S. 1026 (1999).





[6]Counsel requested a
lesser-included offense instruction on assault causing bodily injury, which the
trial court also granted.