# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00646-CR

**Hector Chavez Perez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 10-1212-K368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found Hector Chavez Perez guilty of possession of a controlled substance with intent to distribute and sentenced him to 60 years in prison. Appellant contends that the trial judge abused his discretion when he allowed appellant's co-defendant to testify without notice, that the prosecutor created undue prejudice by improperly commenting on his failure to testify, and that his trial counsel rendered ineffective assistance by failing to object to uncorroborated co-defendant testimony. We will affirm the judgment.

## BACKGROUND

Georgetown police officer Andre Mason testified that, while patrolling the interstate highway around noon on August 23, 2010, he stopped a vehicle that had made erratic lane changes unjustified by traffic, sometimes without a signal. Mason reported that the driver, who Mason identified as appellant, said he had misplaced his license. The driver appeared calm, but the

passenger, Gregorio Ochoa, was shaking so badly from nervousness that he dropped his wallet when handing Mason his license. The two told Mason that they were driving to Waco for a construction job,[1] but Mason found that explanation curious given the time of day (noon) and the lack of tools in the vehicle. When a background check revealed an outstanding warrant for appellant, Mason put appellant in the back seat of his patrol car, and appellant consented to release the vehicle to Ochoa.

By this time, another officer arrived, and Ochoa told him that the vehicle belonged to Ochoa's wife. The officer asked Ochoa if the vehicle contained any contraband and asked for permission to check. Ochoa consented to the search and initially denied that there was any contraband, but then admitted that there were drugs in a backpack in the back of the vehicle. The backpack contained duct-taped packages of cocaine.

The officers then moved the questioning to the police station. Officer Mason testified that appellant did not admit to ownership of the drugs, but admitted knowledge of the drugs.

Ochoa testified at trial in jail clothing and explained that he had been caught with drugs along with appellant. He pleaded guilty in a deal that capped his sentence at no more than 30 years. Ochoa testified that he and appellant were friends and met at an auto shop in San Antonio to pick up drugs to take to Waco. He testified that appellant had already obtained the drugs when they met. Ochoa said he was to be paid $500 for the trip. Ochoa testified that appellant knew the recipient of the drugs and where to take them. He testified that he was drunk that morning and that appellant drove. Ochoa testified that appellant asked him to pick up the cocaine bricks and put them in a bag. Ochoa testified that appellant told him that, if they got stopped, Ochoa should take the

---

[1] On cross-examination, Mason said he could not remember for sure whether appellant had made that statement.

blame because he owned the vehicle. He also testified that appellant told him to make up the name of the drugs' owner.

Appellant called a detective from the Austin Police Department who testified regarding the role of mules in drug transport. He testified that the mules rarely know anything about the other people involved beyond their role in the movement of drugs.

## ANALYSIS

Appellant raises three issues on appeal. He complains about the trial court allowing an unlisted witness to testify, improper statements by the prosecutor, and his counsel's performance.

**Admission of testimony**

We review for abuse of discretion the trial court's decision to allow a witness whose name is not on the witness list to testify. *Hightower v. State*, 629 S.W.2d 920, 925 (Tex. Crim. App. 1981). We consider such factors as whether the prosecution acted in bad faith in failing to disclose the witness and whether the defendant could have reasonably anticipated the witness. *Id*. In determining whether the State acted in bad faith, we look at whether (1) the defendant established that the State intended to deceive him; (2) the defendant had adequate time to prepare; and (3) the State freely provided the defendant with information by maintaining an open-file policy, providing updated witness lists, or promptly notifying the defendant of new witnesses. *Hardin v. State*, 20 S.W.3d 84, 88 (Tex. App.—Texarkana 2000, pet. ref'd). We also consider (1) the degree of surprise to the defendant; (2) the degree of disadvantage inherent in that surprise; and (3) the degree to which the trial court was able to remedy that surprise (e.g., by granting the defense a recess, postponement, or continuance). *Id.* at 88-89. Any error in allowing the witness to testify over a

3

claim of surprise is made harmless by the defendant's failure to object and move for a continuance. *Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994).

On the day of trial, before opening statements, appellant's counsel approached the bench and asserted that he believed that the State intended to call Ochoa despite not naming him on its witness list. The prosecutor responded that the omission of Ochoa from the witness list was a mistake, that the State had followed an open-file policy, and that appellant's counsel had a copy of the transcript of Ochoa's statement. Appellant's counsel acknowledged that he knew about Ochoa from the beginning of the case and that he had spoken with Ochoa's attorney. He said that the week before trial, prosecutors told him they were not sure if they would call Ochoa, but that they likely would. Appellant's counsel said he was not surprised that the State wanted to call Ochoa, but that because they never listed Ochoa, he had prepared to defend appellant without that testimony coming in. He asserted that Ochoa's testimony would be more powerful than the police officers' testimony. He stated that, had the State amended its witness list to include Ochoa, he could have asked for a continuance or agreed to a delay. But when the trial court stated that it accepted the prosecutor's assertion that the omission of Ochoa was a mistake and offered appellant's counsel an extra day to prepare, he declined the offer and stated that he would make "adaptations on the fly."

During Ochoa's testimony, appellant's counsel initially objected that he had not been provided written notice of Ochoa's plea deal. The prosecutor asserted that appellant's counsel watched the plea occur. Appellant's counsel said he did not remember whether he attended and reiterated his complaint about the lack of written notice regarding the plea as well as his objection to Ochoa being allowed to testify without being listed as a potential witness. The court overruled the objections, and appellant declined the court's offer of a continuance.

4

Appellant waived his objection by failing to request and by declining a continuance. *See Barnes*, 876 S.W.2d at 328. We also find no abuse of discretion on the merits. The only evidence is that the State omitted Ochoa's name by mistake, that the State maintained an open file policy, that appellant's counsel was well aware that the State might call Ochoa, and that appellant's counsel knew the likely content of Ochoa's testimony. The court offered to allow appellant's counsel a day to prepare, and appellant's counsel declined. We find no abuse of discretion in the admission of Ochoa's testimony.

**Prosecutor's argument**

Appellant contends that the prosecutor improperly and harmfully commented on his failure to testify when making this statement: "Did you hear Mr. Ochoa say—or excuse me—Mr. Perez say, 'Well, I'm just driving my buddy because he's drunk?' Did you hear any of that testimony?" The trial court sustained appellant's objection, denied his motion for mistrial, and instructed the jury to disregard the prosecutor's statement. Appellant urges that the trial court abused its discretion by denying his motion for mistrial. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); *see also Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

A comment on a defendant's failure to testify can violate both the state and federal constitutions as well as Texas statutory law. *See* U.S. Const. amend. V; *see Griffin v. California*, 380 U.S. 609, 615 (1965); Tex. Const. art. I, § 10; Tex. Code Crim. Proc. art. 38.08. Proper jury argument generally will fall within one of four categories: (1) summary of evidence; (2) reasonable deduction from the evidence; (3) response to argument of opposing counsel; and (4) plea for law enforcement. *Ex parte Lane*, 303 S.W.3d 702, 711 (Tex. Crim. App. 2009).

In assessing whether the defendant's rights have been violated, courts must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument. *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011). The implication that the State referred to the defendant's failure to testify must be a clear and necessary one. *Id*. If the language might reasonably be construed as merely an implied or indirect allusion, there is no violation. *Id*. (citing *United States v. Rochan*, 563 F.2d 1246, 1249 (5th Cir. 1977)). The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. *Id*. In applying this standard, we must examine the context in which the comment was made to determine whether the language used was of such character. *Id.*

Even when argument is improper, it will not result in reversal unless, in light of the record as a whole, it is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). For reversal to be warranted, the remarks must have constituted a willful and calculated effort to deprive appellant of a fair and impartial trial. *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997). In evaluating non-constitutional error, we consider the following factors to determine if he suffered any harm: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and (3) the certainty of the conviction absent the misconduct. *Threadgill v. State*, 146 S.W.3d 654, 666-67 (Tex. Crim. App. 2004).

The State contends that the argument was in response to the following segment of appellant's counsel's argument: "Mr. Ochoa called Mr. Perez and stated, 'Come help me out. Let's go to Waco. Travel with me. You're driving a car. I'm going to be drinking.'"

6

While the prosecutor's argument might be taken as a comment on appellant's failure to testify, in context it appears to be a challenge to the evidence supporting appellant's argument that he was driving because Ochoa was drinking. Leading up to the objectionable passage, the prosecutor argued as follows:

> The only thing we're talking about here is knowledge. And how do you know knowledge? You know it by the testimony of Mr. Ochoa. But not only that because that alone isn't enough. How do you know that he knew what was going on? Because at the very beginning when this stop happened, when all of this started, who said, "We're going to Waco"? They both did. Did you hear Mr. Ochoa say—or excuse me—Mr. Perez say, "Well, I'm just driving my buddy because he's drunk"? Did you hear any of that testimony?

The first witness alluded to in this passage is expressly Ochoa. The second is the police officer who testified that one or both of the men said they were going to Waco. That creates a context in which the prosecutor's challenged statement—and the absent testimony the prosecutor is noting—is implicitly attributed to those witnesses. This view of the prosecutor's argument is reinforced by her later comments that appellant argues reinforced the comment on his failure to testify.

> Officer Mason goes to the car, looks in for officer safety to make sure he can identify who's in the car and asked some questions and informs Mr. Perez about the traffic violations and asked where they're going. And you get the construction cover story from both defendants, not anything else, not, "I'm driving my drunk buddy," not, "We're just going to head off to Waco." "We're going to do construction."

In context, the prosecutor is discussing the police officer's testimony relating his conversation with appellant and Ochoa and what the jury did and did not hear *the officer* testify about regarding what the men said or did not say *at the scene*, not during the trial. Because the prosecutor's argument can

7

reasonably be construed as something other than an implied or indirect allusion to appellant's failure to testify, there is no violation  *See Randolph*, 353 S.W.3d at 891.

Even if this argument was a comment on appellant's failure to testify, we find that it does not merit reversal.  There is no indication that the remarks were a willful and calculated effort to deprive appellant of a fair and impartial trial.  *See Cantu*, 939 S.W.2d at 633.  Moreover, the comment was not a direct comment on his failure to testify, the trial court instructed the jury to disregard the comment and there is no indication that the instruction to disregard was ineffective, and the unchallenged evidence strongly favored convicting appellant.  We decline to reverse based on this issue.

**Ineffective assistance of counsel**

Appellant contends that his counsel was ineffective for failing to object to Ochoa's uncorroborated testimony.  To prevail on this claim, appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced appellant's defense to such a degree that he was deprived of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). In assessing the performance of counsel, we must review the totality of the representation and the circumstances of each case without the benefit of hindsight.  While a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error may satisfy the *Strickland* prongs on its own. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).  We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  To overcome this

8

presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In the absence of a record explaining the reasons for counsel's decisions, we will not find counsel's performance deficient if any reasonably sound strategic motivation can be imagined. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2003).

A conviction cannot rest on the testimony of an accomplice "unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Tex. Code Crim. Proc. art. 38.14. The corroborating evidence need not directly link the accused to the offense or be sufficient in itself to establish guilt; instead, the corroborating evidence need only tend to connect the accused to the crime committed. *Moron v. State*, 779 S.W.2d 399, 401 (Tex. Crim. App. 1985). "Even apparently insignificant incriminating circumstances may sometimes afford satisfactory evidence of corroboration." *Dowthitt v. State*, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). Furthermore, there need only be some non-accomplice evidence tending to connect the defendant to the crime, not to every element of the crime. *Joubert v. State*, 235 S.W.3d 729, 731 (Tex. Crim. App. 2007). When determining the sufficiency of the corroborating evidence, we view the non-accomplice evidence in the light most favorable to the verdict. *Coutta v. State*, 385 S.W.3d 641, 657 (Tex. App.—El Paso 2012, no pet.).

Appellant contends that his counsel's failure to object to Ochoa's testimony constitutes a single error that so undermined his performance as to render it ineffective. He contends that the evidence apart from Ochoa's testimony was too weak to support a conviction. He contends that the other evidence shows only that he was driving an SUV, did nothing suspicious when

9

stopped, and gave no hint that he knew there was a large amount of cocaine in his truck. He contends that, without Ochoa's testimony, he would have been acquitted.

It is not clear that the failure to object was deficient. The record does not establish why counsel did not object to Ochoa's testimony on grounds of non-corroboration. In the absence of evidence showing that counsel was incompetent, we must presume he acted competently. *See Mallett*, 65 S.W.3d at 63; *Garcia*, 57 S.W.3d at 440. It is possible that he discerned that an objection would be fruitless from the trial judge's statement pretrial that "if he was there in the car with the defendant, there's no question his testimony is relevant. Without knowing the facts of the case, to me that's obvious." Perhaps he chose to avoid the risk of alienating the jury and the judge by objecting to this eyewitness. More important, Ochoa's testimony was corroborated in some respects. Officer Mason testified that appellant was driving the vehicle. Mason also testified that he believed that appellant admitted "he knew what they were doing." The cocaine was in a backpack that was essentially the only cargo in the vehicle that he was driving. Mason also testified that the men gave an explanation for their trip to Waco—finding a construction job—that was implausible given the absence of tools and the lateness of the day. This testimony squared with Ochoa's version of events. While evidence that appellant either joined or did not contradict the construction story is not direct evidence of appellant's guilt, it shows at least complicity with an evasion that is consistent with an awareness of guilt. We also note that the jurors were instructed that they could not consider Ochoa's testimony unless they found it corroborated, appellant's counsel argued that Ochoa's testimony was not corroborated, and the jury found appellant guilty, indicating either that the jurors found Ochoa's testimony corroborated or they found the non-accomplice testimony sufficient.

10

Finally, even if appellant's counsel erred by failing to object to Ochoa's testimony as uncorroborated, he performed capably in other areas. In addition to arguing that Ochoa's testimony was not corroborated, appellant's counsel filed a number of pretrial motions, argued to exclude Ochoa's testimony because he had not been listed as a witness, and examined witnesses. The one alleged error does not overwhelm the rest of the representation.

We conclude that appellant did not show that his counsel was ineffective nor that any deficiency deprived him of a fair trial.

## CONCLUSION

We affirm the judgment of conviction.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: August 28, 2013

Do Not Publish

11