

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-0404-10

**EMANUELL GLENN RANDOLPH, Appellant**

**v.**

**THE STATE OF TEXAS**

ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
FORT BEND COUNTY

COCHRAN, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, JOHNSON, KEASLER and HERVEY, JJ., joined. MEYERS, J., filed a dissenting opinion. WOMACK, J., concurred. ALCALA, J., did not participate.

O P I N I O N

Appellant testified to an alibi defense at the guilt phase of his aggravated robbery trial and then exercised his Fifth Amendment right not to testify at the punishment phase. In her final punishment argument, the prosecutor stated that appellant was not worthy of probation because he had not taken responsibility for the crime. The court of appeals, relying on

*Swallow v. State*,[1] found that the State's argument was an impermissible (and harmful) comment on appellant's failure to testify at the punishment phase.[2]  We granted the State's petition for review to consider whether *Swallow* should be overruled and to "correct, clarify, and brighten" the test for determining whether a prosecutor has impermissibly commented on a defendant's failure to testify.[3]  The State's punishment argument in this case, unlike that in *Swallow*, explicitly referred to appellant's alibi testimony at the guilt phase and did not mention any lack of remorse.  We conclude that, by testifying that he was not the person who committed this aggravated robbery, appellant expressly denied responsibility for the crime.  The State was therefore entitled to comment on that denial of responsibility at either the guilt or punishment stage.  The State did not comment on appellant's failure to testify at the punishment stage.

I.

On February 10, 2007, Jose Ventura and his family went out to dinner.  Jose's wife, Cynthia, drove the family back to their Sugar Land home.  As Cynthia pulled their car up the driveway, Jose and his six-year-old son got out of the car to race to the back door, as they always did.  But before they made it, Jose heard a voice say, "Turn around."  When he did,

---

[1] 829 S.W.2d 223 (Tex. Crim. App. 1992).

[2] *Randolph v. State,* No. 01-08-00453-CR, 2009 WL 4436333 (Tex. App.— Houston [1st Dist.] Dec. 3, 2009) (not designated for publication).

[3] Three of the State's four grounds for review requested that we overrule *Swallow* for various reasons.  The fourth ground requested that we overrule the harm-analysis factors set out in *Harris v. State*, 790 S.W.2d 568 (Tex. Crim. App. 1989).

he saw a strange man with a semi-automatic gun pointed at his face demanding money.  The man "was a tall black person, skinny, kind of slim."  He was wearing a black, zip-up sweatshirt.  It was zipped up all the way, the hood was up over his head, and a bandana was covering his face.  Jose, who does not carry a wallet, pulled up his jacket to show the man that he didn't have a wallet.  He offered to get his wallet from his van, which was parked up against the garage.  He also asked the man to stop pointing the gun "because my boy is in the back, behind me and I don't want him to get scared."  At that point, the hooded man looked "disappointed" and ran off.  Cynthia, who was still in the car with the couple's baby daughter, had witnessed the failed robbery.  The Venturas called 911, and the police came within five minutes.  The Venturas gave police a description of the gunman, and forty-five minutes later an officer spotted a man matching that description at a nearby Shell station/Burger King.  It was appellant, who, with a companion, was waiting for a triple Whopper with cheese that he had ordered and paid for.

Appellant never got his Whopper.  He was frisked, handcuffed, and driven back to an area near the Ventura home, where the Venturas separately identified him as the gunman.  Both were confident in their identifications.  A couple of hours later, Deputy Pickett's two bloodhounds independently tracked appellant's scent from the Ventura's driveway to the Shell station.  One of the dogs, Clue, was let into the station, and he "lit up on that ATM machine." Surveillance video showed appellant standing at the Shell station ATM before he placed his order at Burger King.

Appellant testified during the guilt stage that he was home watching the NFL Pro Bowl when the robbery occurred. He said that, when there were just a few minutes left in the game, he and a friend decided to walk to the Burger King.   They left around 8:00 p.m. for the approximately thirty-minute walk.  They went into the Shell station/Burger King and tried to use the ATM, but the debit card appellant had gotten from FEMA after Hurricane Katrina would not let him get cash.  He used the card to pay for his Burger King order and was waiting for his food when the officer approached him.  Appellant denied that he had ever been near Jose Ventura's home or that he had ever pulled a gun on him:  "I've never even owned a gun in my life and no I didn't pull no gun on him."

The jury found appellant guilty of aggravated robbery. Appellant did not testify during the punishment phase. In its closing argument, the State told the jury appellant was not worthy of probation because he had not taken responsibility for the crime. Defense counsel objected that the prosecutor was commenting on appellant's failure to testify at the punishment phase, but his objection was overruled:

Prosecutor:    Well, you heard Mr. Randolph testify during the guilt/innocence portion of this case and *he completely refused to take responsibility for his actions.*

Defense:    Objection, Judge, this is a comment on the silence of Mr. Randolph.

Prosecutor:    Judge, it's a comment on his alibi story that he gave that this jury did not believe.

Judge:    This was the statement that was made during the other phase of the trial. It is allowed. You may continue.

Prosecutor:    You heard from him, you heard his version and you dismissed it by finding

him guilty. *He has not taken responsibility for this crime–*

Defense:     Objection, a comment on his silence in the punishment phase.

Prosecutor:  Judge, he hasn't remained silent, he testified.

Judge:       He testified, that's correct, and the jury heard the testimony and the jury can draw whatever conclusion they wish. You may continue.

Prosecutor:  As I said, probation is a privilege and not a right. Because of what you have heard from the defendant during the guilt/innocence, he does not deserve probation.

The jury assessed a sentence of nine years in prison.

On appeal, the court of appeals held that the trial court properly overruled the objection to the prosecutor's first reference to appellant's failure to take responsibility for his actions because that comment was directly tied to appellant's alibi defense at the guilt stage.[4] However, the court then held that, under *Swallow v. State*, the prosecutor's next statement was objectionable because it alluded, in part, to appellant's failure to testify during the punishment phase.[5] Finding the error harmful under *Harris v. State*,[6] the court reversed for a new punishment hearing.[7]

---

[4] *Randolph*, 2009 WL 4436333, *6 ("In the instant case, the prosecutor's first comment related to the guilt-innocence portion of the trial and was not a comment on appellant's failure to testify.").

[5] *Id.* ("However, the prosecutor's second comment that, '[y]ou heard from him, you heard his version and you dismissed it by finding him guilty. He has not taken responsibility for this crime,' is no different than the comment confronted by the court in *Swallow*.").

[6] 790 S.W.2d 568 (Tex. Crim. App. 1989).

[7] 2009 WL 4436333, *6.

II.

A comment on a defendant's failure to testify violates both the state and federal constitutions as well as Texas statutory law.[8] The defendant has a separate Fifth Amendment privilege not to testify at either the guilt or punishment phases of trial. A waiver of the privilege at the guilt phase does not waive the privilege for the punishment phase.[9] Thus, a comment on the defendant's silence at the punishment phase is improper even if the defendant testified at the first phase of trial.

In assessing whether the defendant's Fifth Amendment right has been violated, courts must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument.[10] Thus, the implication that the State referred to the defendant's failure to testify must be a clear and necessary one.[11] If the language might reasonably be construed as merely an implied or indirect allusion, there is no violation.[12] As the Fifth Circuit has stated, "We cannot find that the prosecutor manifestly

---

[8] U.S. CONST. amend. V; *see Griffin v. California*, 380 U.S. 609, 615 (1965) ("the Fifth Amendment, in its direct application to the Federal Government, and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt"); TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. art. 38.08.

[9] *Wilkens v. State*, 847 S.W.2d 547, 553 (Tex. Crim. App. 1992).

[10] 43 GEORGE E. DIX AND JOHN M. SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 45:21, at 1097 (3d ed. 2011).

[11] *Bustamante v. State*, 48 S.W.3d 761, 767 (Tex. Crim. App. 2001).

[12] *Busby v. State*, 253 S.W.3d 661, 666 (Tex. Crim. App. 2008).

intended to comment on the defendants' failure to testify, if some other explanation for his remark is equally plausible."[13]   The test, then, is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify.[14]   In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character.[15]

Prosecutors often argue at the punishment phase of trial that a defendant is not deserving of leniency or a probated sentence because he has not taken responsibility for his actions, shown remorse, or both.  In a case in which the defendant does not testify either type of statement could constitute an impermissible comment on the failure to testify.[16]

But remorse and responsibility are two entirely different concepts.  "Remorse" means "a deep, torturing sense of guilt felt for one's actions; the keen pain or anguish excited by a sense of guilt; compunction of conscience for an evil act committed; self-reproach."[17]  "Responsible" means "answerable or accountable as being the cause, agent, or source of

---

[13] *United States v. Rochan*, 563 F.2d 1246, 1249 (5th Cir. 1977).

[14] *Bustamante*, 48 S.W.3d at 765 (collecting cases).

[15] *Id.* The federal courts use the same standard.  *See e.g.*, *United States v. Bohuchot*, 625 F.3d 892, 901 (5th Cir. 2010).

[16] *See generally* DIX & SCHMOLESKY, *supra*, note 10, § 45.25.

[17] WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY UNABRIDGED 1529 (2nd ed. 1983).  A secondary meaning of "remorse" is "sympathetic sorrow; pity; compassion," but that meaning is rarely intended in criminal trials which involve legal responsibility for a crime.

something,"[18] such as being the agent or cause of a crime. Remorse is the feeling of sorrow or self-reproach, accompanied by guilt, while responsibility is the act of accepting accountability. One who does not accept responsibility would not, under normal circumstances, express remorse. But one can accept responsibility without expressing remorse (e.g., "I am responsible for Dan's death, but I shot him in self-defense," or "the dead dude deserved it"). One can accept responsibility by pleading guilty. Thus, the defense may fairly argue, during punishment, that the defendant has accepted responsibility by pleading guilty.

Conversely, a defendant may expressly deny responsibility by putting on an alibi defense or asserting that the result was an accident. Thus, the prosecution may fairly argue, during the guilt or punishment stage, that the defendant denied responsibility because he testified to an alibi or he claimed that the deceased died as the result of an accident. Simply pleading not guilty and demanding that the State prove its case neither accepts nor denies responsibility. Thus, the State could not argue, at either the guilt or punishment stage, that the defendant denied responsibility for the crime simply because he pled not guilty. That would be an impermissible comment on the failure to testify. Similarly, a comment on the defendant's failure to show remorse is generally not proper if the defendant testifies at the guilt stage and presents some defense, but does not testify at the punishment phase.[19]

---

[18] *Id.* at 1543.

[19] As Professors Dix and Schmolesky have pointed out
If the defendant testified at the guilt/innocence stage and advanced a defense to

On the other hand, comments about the failure to testify are permissible if they are a "fair response" to the defendant's claims or assertions. In *United States v. Robinson*,[20] the Supreme Court approved the prosecutor's argument–"[the defendant] could have taken the stand and explained it to you, anything he wanted to. The United States of America has given him, throughout, the opportunity to explain,"–because it was in response to the defense closing argument that the government had not allowed the defendant to tell his side of the story.[21]

Likewise, if evidence in the record supports the prosecutor's remarks, there is no error.[22]   As we recently held in *Snowden v. State*,[23] the prosecutor's argument– "[the

the charges but did not testify at penalty, the prosecutor cannot argue that the defendant did not show remorse.  The only appropriate occasion for a showing of remorse would be at penalty, and defendant chose not to testify then.

DIX & SCHMOLESKY, *supra* note 10, § 45:25, at 1105.  *See Owen v. State*, 656 S.W.2d 458, 459-60 (Tex. Crim. App. 1983) (rejecting State's argument that it was not error for the prosecutor to comment on defendant's failure to express remorse or sorrow since defendant did in fact testify at the guilt phase of trial in support of his defensive theory of self-defense; "Acceptance of the State's argument would place an accused in the paradoxical position of saying I am sorry for a crime of which I am not guilty. The end result would be to deny the accused the right to enter a plea of not guilty and make application for a probated sentence.").

[20] 485 U.S. 25 (1988).

[21] *Robinson*, 485 U.S. at 28-32 ("Where the prosecutor on his own initiative asks the jury to draw an adverse inference from a defendant's silence, *Griffin* holds that the privilege against compulsory self-incrimination is violated. But where as in this case the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege."); *see also Nethery v. State*, 692 S.W.2d 686, 703 (Tex. Crim. App. 1985) (prosecutor's response was invited by defense counsel's argument regarding motive); *Coleman v. State*, 643 S.W.2d 947, 952 (Tex. Crim. App. 1982) (defense argument invited prosecutor's response).

[22] *Davis v. State*, 782 S.W.2d 211, 222-23 (Tex. Crim. App. 1989) (prosecutor's arguments about the defendant's lack of remorse, including–"And after he got in there and the

defendant] doesn't give two hoots about the mother of his baby or his baby because he looks her in the eye and punches her in her 38 week old stomach without remorse"–was supported by the record evidence that the defendant intentionally punched his pregnant girlfriend in the stomach.[24]  However, we held that the prosecutor's next phrase – "[without remorse] just like he is today"– improperly commented on the defendant's failure to testify about his present lack of remorse during the trial itself.[25]  This was a prohibited comment because it accentuated for the jury the defendant's "failure to take the stand and claim present remorse."[26]

But a punishment-stage remark on the defendant's failure to accept responsibility may be fair game if the defendant, in his guilt-stage testimony, denied responsibility for his actions or for the crime.[27]  As federal courts have held, the prosecutor may comment upon

---

Judge told him his warnings, first of all he asked the Judge for a comb. A cold-hearted killer. He doesn't care.  Then he's posing for the cameras when he gets out there. . . . He's smiling, and he's clowning for the cameras,"–were supported by evidence in the record.); *Fearance v. State*, 771 S.W.2d 486, 514 (Tex. Crim. App. 1988) (Prosecutor's argument–"Listen to the samples of what the doctor said about this type of person: Repeated conflict with society; fits him like a glove. No guilt, no remorse; fits him like a glove,"–summarized the evidence presented by an expert witness during the penalty stage of the trial.").

[23] *Snowden v. State*, No. PD-1524-10, ___ S.W.3d ___, 2011 WL 4467280 (Tex. Crim. App. Sept. 28, 2011).

[24] *Id*. at ___.

[25] *Id*. at ___.

[26] *Id*.

[27]*See Smith v. State*, No. 03-07-00392-CR, 2009 WL 2058915, *11 (Tex. App.—Austin, July 14, 2009, pet. ref'd) (not designated for publication) (Prosecutor's argument– "But as you heard him testify the other day, he certainly doesn't want sex offender treatment and he certainly

the testimony actually given during the guilt stage and that is not construed as a comment on the defendant's choice to remain silent during the punishment stage.[28] With these principles in mind, we turn to the present case.

III.

The court of appeals, in this case, stated that the prosecutor's second comment concerning appellant's failure to take responsibility "is no different than the comment confronted by the court in *Swallow*."[29] We disagree.

In *Swallow*, a DWI case, we held that a punishment argument that probation should be reserved for someone "who was remorseful for their actions . . . who admits error," was an improper comment on silence at the punishment phase even though the defendant had

---

doesn't think he needs sex offender treatment. Based on what you hear from him when he testified on guilt/innocence, he has not learned his lesson. He doesn't believe that he has done anything wrong, and he is–I think the evidence–it's a reasonable deduction from the evidence that he is never going to admit this,"–referred to Smith's testimony at the guilt phase of trial, not to his failure to testify at the punishment phase.); *Dennis v. State*, No. 08-02-00044-CR, 2004 WL 2630218, *4 (Tex. App.– El Paso Nov. 18, 2004, no pet.) (not designated for publication) (because defendant testified at guilt stage and denied participation in murder, prosecutor's punishment argument "that in order to be salvageable one would have to admit responsibility for one's acts" was not a comment on defendant's failure to testify at the punishment phase of trial).

[28] *See Hough v. Anderson*, 272 F.3d 878, 902 (7th Cir. 2001) ("In closing argument, the prosecutor commented upon the testimony actually given, not Mr. Hough's choice to remain silent."); *Beathard v. Johnson*, 177 F.3d 340, 350-51 (5th Cir. 1999) ("The comments made by the prosecutors do not show an intent to comment on defendant's failure to testify nor were they of such a character that they could be construed as such by the jury. The comments were directed at Beathard's various statements given prior to trial and to his testimony at trial. The comments could not reasonably be construed as comments upon Beathard's failure to testify during the punishment stage.").

[29] *Randolph*, 2009 WL 4436333, *3.

testified at the guilt phase that his medication was a "causative factor" for his DWI arrest.

> By pointing out that the "average" punishment for DWI should be meted out to one who, *inter alia*, expresses remorse and admits his guilt, [the prosecutor] necessarily invited the jury to contrast [the defendant]'s failure in these regards. These remarks thus necessarily referred to his lack of remorse and failure to acknowledge his crime during his testimony at the guilt phase of trial. However, they just as necessarily called the jury's attention to the fact that, once it had rejected his testimony at the guilt phase, [the defendant] failed to take the stand at punishment and provide that testimony which would have been antithetical to his posture at the guilt stage, *viz*: that he was in fact guilty and was sorry for what he had done. Thus, while it clearly alluded to his testimony at guilt, the prosecutor's comment just as clearly alluded to his lack of testimony at punishment. It is not an either/or situation. The comment necessarily alluded to both. To the extent it alluded to the latter, it was error.[30]

The court of appeals in the present case stated, "Because no testimony existed concerning appellant's lack of remorse, the State's comment that '[Appellant] has not taken responsibility for this crime,' necessarily is a comment on the defendant's failure to testify during the punishment phase."[31]  But in this case the prosecutor said nothing about remorse or lack of remorse.  She spoke only of "responsibility for this crime"– responsibility that appellant explicitly denied during his testimony.  This Court, in *Swallow,* inadvertently

---

[30] *Swallow v. State*, 829 S.W.2d 223, 225-26 (Tex. Crim. App. 1992). *See also Sauceda v. State*, 859 S.W.2d 469, 473, 475 (Tex. App.—Dallas 1993, pet. ref'd) (State's punishment argument–"Did he once express any sorrow to you for what he had done? Did he say, I knew it was terrible. I should not have been doing it?"–clearly alluded to both the defendant's testimony during the guilt/innocence phase and to his failure to testify during the punishment phase; comment was reversible error under *Swallow*); *Searcy v. State*, No. 03-96-00314-CR, 1997 WL 689010, *1-3 (Tex. App.—Austin Nov. 6, 1997, no pet.) (not designated for publication) (*Swallow* compels conclusion that the prosecutor's punishment argument–"He's not remorseful. We haven't heard him say: I'm sorry for the pain that my daughter is going through. I'm sorry that's she's so upset. We haven't heard that from him,"–necessarily referred to both the past testimony and the continuing failure to testify during the punishment phase).

[31] *Randolph*, 2009 WL 4436333, *4.

combined the apples of "remorse" (which is generally expressed only after accepting responsibility) with the oranges of "responsibility," and the court of appeals in this case simply followed down that orchard path.  We overrule *Swallow* to the extent that it conflated the two distinct concepts of responsibility and remorse and implied that, even when a defendant testifies at the guilt stage and expressly denies responsibility for the criminal offense, the prosecutor cannot comment on that trial testimony during the punishment phase. The prosecutor may comment on any testimony given by the defendant in the guilt stage, and, if the defendant expressly or impliedly denies criminal responsibility during that testimony, the prosecutor may comment on that denial.

The State asks us to overrule *Swallow* in its entirety, but that is not necessary in this case, as there is a more narrow ground available.[32]  The prosecutor's comment in *Swallow*, regarding "admitting error," did not necessarily allude to a failure to testify at the punishment phase.  As the *Swallow* court noted, it could just as naturally have referred to the defendant's guilt-phase testimony.  But we declined to give the benefit of this ambiguity to the State because the prosecutor also commented about the defendant's failure to express *remorse* and that comment necessarily referred to his failure to testify at the punishment phase.

---

[32] *See Watts v. State*, 99 S.W.3d 604, 615 (Tex. Crim. App. 2003) (Keasler, J., concurring) (stating that "appellate courts should strive for prudence. . . . 'Prudence counsels judges not to reach out and decide large, controversial issues in the absence of a necessity to do so. The prudent jurist will typically decide cases on the narrowest, surest ground available, leaving tougher calls, with broader implications, for future cases that squarely present them.'") (quoting Hon. Bruce M. Selya, *Essay: Thoughts from the Bench: The Confidence Game: Public Perceptions of the Judiciary*, 30 NEW ENG. L.REV. 909, 916 (1996)).

This case is different.  Here the prosecutor spoke *only* of appellant's refusal to take responsibility.  There was no mention of remorse.  The prosecutor could certainly comment on appellant's failure to take responsibility during closing argument at either the guilt or punishment phase because the evidence is there:  Appellant testified to an alibi defense, which is an express denial of criminal responsibility.  We agree with the State that the argument–"He has not taken responsibility for this crime"–was a permissible summation of the evidence concerning appellant's alibi testimony.[33]  That is what the prosecutor argued to the jury.[34]  That is how the prosecutor justified the argument to the trial court.[35]  And that is explicitly why the trial court allowed it.[36]  Within the context of the prosecutor's full argument, it "was reasonable and proper for the prosecutor to comment" on the evidence

---

[33] Permissible jury argument includes summation of the evidence, reasonable deduction from the evidence, answer to argument of opposing counsel, and plea for law enforcement. *Allridge v. State*, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988).

[34] The prosecutor stated,
[Y]ou heard Mr. Randolph testify during the guilt/innocence portion of this case and he completely refused to take responsibility for his actions . . . . You heard from him, you heard his version and you dismissed it by finding him guilty. He has not taken responsibility for this crime– . . . . Because of what you have heard from the defendant during the guilt/innocence, he does not deserve probation.

[35] The prosecutor explained his comment to the Judge as follows: "Judge, it's a comment on his alibi story that he gave that this jury did not believe . . . Judge, he hasn't remained silent, he testified."

[36] In overruling the defense objection, the trial judge said, "This was the statement that was made during the other phase of the trial. It is allowed. You may continue . . . . He testified, that's correct, and the jury heard the testimony and the jury can draw whatever conclusion they wish. You may continue."
There can be no doubt that the judge clearly understood the prosecutor's argument to be a reference to appellant's alibi testimony during the guilt stage.

admitted at the guilt stage of the trial.[37]  Even if the comment could be construed as alluding

to appellant's failure to testify and take responsibility at the punishment stage, it was not a

direct and necessary comment on appellant's right to silence because there is an "equally

plausible" alternate explanation–the explanation that both the trial judge and prosecutor

gave–that the prosecutor was referring to appellant's alibi testimony.[38]  In sum, the trial judge

did not err in overruling appellant's objections to the prosecutor's argument.[39]

Finding this case distinguishable from *Swallow*, we decline the State's invitation to

overrule *Swallow*.  We reverse the judgment of the court of appeals and remand the case to

---

[37] *Busby v. State*, 253 S.W.3d 661, 666 (Tex. Crim. App. 2008).  In *Busby*, the following arguments were alleged to be direct comments on the failure to testify:

> Now, on February the 20th, he again says, well, I still haven't told you the whole story. And, folks, I submit to you that it's a pretty logical deduction that he still hasn't told the whole story.
> . . . .
> Now, ladies and gentlemen, this business of Kitty made me do it, that is not a defense, that is an excuse. It is high time that Mr. Busby took some responsibility for his own conduct instead of blaming it on everybody else. . . .
> . . .
> It's time he takes responsibility in these statements to the police. He doesn't do it. He doesn't avail himself–

*Id.* at 665.  We held that "It was reasonable and proper for the prosecutor to comment on the shifting nature of [the defendant]'s custodial statements that were admitted into evidence."  *Id.*

[38] *United States v. Rochan*, 563 F.2d 1246, 1249 (5th Cir. 1977) ("We cannot find that the prosecutor manifestly intended to comment on the defendants' failure to testify, if some other explanation for his remark is equally plausible.").

[39] Because we find that the trial court ruled within her discretion, we do not reach the State's ground four.  However, we recently addressed, and limited, the *Harris* factors in *Snowden v. State*, No. PD-1524-10, ___ S.W.3d ___, 2011 WL 4467280 (Tex. Crim. App. Sept. 28, 2011).

that court to address appellant's remaining points of error.

Delivered: November 23, 2011
Publish