**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00239-CR**
_____

**TOMMY HOLCOMB, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-06-07078-CR**

**MEMORANDUM OPINION**

In a single appellate issue, Tommy Holcomb argues that in final argument, the prosecutor improperly commented on Holcomb's failure to testify, which he argues violated his right against self-incrimination. *See* U.S. Const. amend. V. Because the trial court could reasonably have determined that the prosecutor's argument referenced trial testimony and answered defense counsel's argument, we affirm the trial court's judgment.

1

A jury found Holcomb guilty of aggravated kidnapping. After Holcomb pled "true" to the enhancement paragraphs, alleging that he had committed two prior felonies, the trial court assessed a sixty year prison sentence. In a single issue, Holcomb complains the trial court erred in allowing the prosecutor in final argument, over his objection, to make the following statement:

> And even afterwards, after this has all happened, while this case was pending in the last year, he is calling her on the phone and he is saying, you know, "Why did you do this, Mary? Why did you get us into this? Why didn't you go to the preacher and talk to the preacher about our problems instead of the police?" He is using her religious beliefs and manipulating her mind, using that against her.

> And he is blaming this on everyone but himself. It is Mary's fault. It is the hospital's fault. He wants to sue them because they shouldn't have let him out because he was suicidal. He refuses at any point to stand up and apologize and say, "I'm sorry. You know, I never should have done that." He never takes responsibility.

Holcomb contends this argument represents a comment by the prosecutor on his exercise of the right not to testify.

Holcomb acknowledges that an important part of his defense concerned his claims that he was mentally ill and that his actions toward the person he was charged with kidnapping were not intended as threatening. Holcomb suggests that his actions showed he "was trying to commit 'suicide by cop.'" Holcomb's trial attorney made arguments that are consistent with these themes during closing argument.

2

In response to the arguments that Holcomb presented, the prosecutor asked the jury to determine Holcomb's intent from his actions and not merely his motive. The prosecutor suggested that Holcomb's conduct represented an effort to shift blame to his victim he kidnapped. The State argues that the prosecutor's comments were based on the evidence and was in response to the arguments Holcomb raised to the charge of kidnapping during his trial.

Proper jury argument generally falls within one of four general areas: (1) a summation of the evidence, (2) a reasonable deduction from the evidence, (3) an answer to argument of opposing counsel, or (4) a plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). In assessing whether the State violated Holcomb's Fifth Amendment right not to testify, we must view the prosecutor's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument. *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011). To be improper, the implication that the State referred to the defendant's right not to testify must be "clear and necessary[.]" *Id.* If the argument "might reasonably be construed as merely an implied or indirect allusion, there is no violation." *Id.*

In our opinion, the jury would not have perceived the State's argument as comment on Holcomb's failure to testify. In light of the evidence and arguments

made by Holcomb's attorney in summation, the prosecutor's arguments appear designed to emphasize Holcomb's pattern of blaming others for his problems. The jury could have understood the prosecutor to have been referring to the testimony regarding specific instances of conduct by Holcomb that occurred before the trial, not to Holcomb's failure to testify during the trial.

We conclude the prosecutor's argument represents a reasonable deduction from the evidence, and it answered the argument of opposing counsel. *Brown*, 270 S.W.3d at 570. We further conclude that the prosecutor confined her arguments to permissible areas. *Id.* We reject Holcomb's claim that the language used by the prosecutor "was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Randolph*, 353 S.W.3d at 891. We hold that the trial court did not err in overruling the appellant's objection to the State's closing argument. We overrule the issue and affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 4, 2014
Opinion Delivered May 14, 2014
Do Not Publish
Before McKeithen, C.J., Kreger and Horton, JJ.

4