COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| TYRUN BRODENX, | § | No. 08-13-00140-CR |
| Appellant, | § | Appeal from the |
| v. | § | 432nd Judicial District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1297861D) |
| | § | |

# **O P I N I O N**

Tyrun Brodenx appeals the trial court's judgment convicting him of robbery causing bodily injury. In one issue, he argues the prosecution impermissibly commented on his failure to testify. We affirm.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Brodenx was arrested for stealing eight Cowboys' football jerseys from an Albertson's grocery store and charged with robbery and theft. On the eve of trial and in exchange for the State's agreement to waive repeat offender enhancement allegations and the theft charge, Brodenx pled guilty to robbery. He elected to have the jury assess punishment.

At punishment, the prosecution presented evidence of Brodenx's twelve prior convictions and the testimony of the Albertson's loss prevention officer that Brodenx assaulted and bit the

officer while attempting to flee with the jerseys. Brodenx neither testified nor presented mitigating or character evidence. During closing arguments, the prosecution urged the jury to assess the maximum punishment of twenty years' imprisonment, arguing Brodenx deserved no less for a variety of reasons, including that the evidence, or lack of evidence, showed:

> That there is absolutely nothing good about this Defendant. Not a family member, not a coach, not a teacher, not an employer, not a neighbor showed up to tell you anything good about him. Why? Because it does not exist.

> Y'all got jury notice what, two, three weeks ago, roughly? If I told you two or three weeks ago, much less back in September, that you were looking at a 20-year sentence, that you were looking at going to prison, would you try to find people to at least come say, I know this person. I don't know what they've done, but at least in my dealings with him or her, they've done me right. Could you find five? Could you? I didn't hear them. Zero. That's what you have.

The prosecution then asked the jury to answer two rhetorical questions concerning Brodenx's future dangerousness and the lack of mitigating evidence:

> You go back there and you ask yourself two questions: Is this Defendant going to be a future danger? The answer's yes, absolutely.

> .       .       .

> Second question: Have you heard anything that tells you he deserves less than the max? Have you heard anything, anything that mitigates --

Defense counsel immediately objected on the basis that the prosecution's remark impermissible commented on Brodenx's failure to testify. The trial court overruled the objection, and the prosecution continued with its argument:

> Have a single witness that we talked about, family members, church people, employers, have you heard anything that mitigates less than a maximum sentence? The answer's no.

In his closing arguments, defense counsel addressed the lack of mitigating evidence, telling the jury:

2

Now, they're saying, well, what about his family members? They were not called. Well, there's his uncle, there's his grandmother. They're here. They care about him. They care about what you do as a jury in this particular case.

They're here, and they're hoping that you will render a -- a proper verdict in this situation and a minimal sentence as you can reasonably conclude.

The jury assessed punishment at 10 years' imprisonment and a $1,000 fine.

## COMMENT ON FAILURE TO TESTIFY

Brodenx contends the trial court erred in overruling his objection to the prosecution's remark that "[he] had presented no evidence of mitigation" because the remark "amounted to a comment on his failure to testify . . . ." We disagree.

### *Standard of Review*

We review a trial court's ruling on an objection based on an improper jury argument for an abuse of discretion. *Davis v. State*, 329 S.W.3d 798, 825 (Tex.Crim.App. 2010).

### *Applicable Law*

Proper jury argument generally falls within one of four categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) responses to argument of opposing counsel; and (4) pleas for law enforcement. *Id.* at 821. Argument that the defendant did not testify does not fall into any of these categories and violates a defendant's constitutional and statutory rights against compelled self-incrimination. *Randolph v. State*, 353 S.W.3d 887, 891 & n.8 (Tex.Crim.App. 2011)(*citing* U.S. CONST. Amend. V; TEX.CONST. art. I, § 10; TEX.CODE CRIM.PROC.ANN. art. 38.08). To determine whether prosecutorial argument rises to that level, we view the argument from the jury's standpoint and in the context in which it was made, and we resolve any ambiguities in the language in favor of it being a permissible argument. *Id*. If the language used by the prosecution was so clear and unequivocal that the jury could reach no

3

conclusion other than the State intended to comment on the defendant's failure to testify, the argument is improper. *Randolph*, 335 S.W.3d at 891. But "[i]f the language might reasonably be construed as merely an implied or indirect allusion, there is no violation." *Id*. Nor is there any violation "if the language can reasonably be construed to refer to appellant's failure to produce evidence other than his own testimony[.]" *Patrick v. State*, 906 S.W.2d 481, 491 (Tex.Crim.App. 1995), *cert. denied*, 517 U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996). Indeed, "a party may always comment on the fact that the opponent failed to call an available witness and then argue 'Don't you know, if Mr. X had anything favorable to say, my opponent would have called him.'" *Pope v. State*, 207 S.W.3d 352, 365 & n.51 (Tex.Crim.App. 2006).

### *Discussion*

Viewed in context and from the jury's perspective, the remark in issue was not a direct comment on Brodenx's failure to testify, nor did it otherwise draw the jury's attention to the absence of statements from him or refer to a particular aspect of the case that only his testimony could refute. Nothing in the language used by the prosecution suggests that Brodenx should have testified or that the jury necessarily and naturally construed it as referring to his choice to remain silent. Rather, the prosecution's remark can be reasonable construed as a comment on, or summation of, the evidence presented at trial or as a comment on Brodenx's failure to produce any evidence at trial. The remark could also be reasonable construed as an indirect comment that Brodenx's failure to call character witnesses supported the inference that their testimony would not have helped him. Indeed, this view of the prosecution's remark is reinforced by defense counsel's comments to the jury that Brodenx's uncle and grandmother, though available to testify, were not called as witnesses. To be considered improper, the remark would have to necessarily

4

and naturally steer the jury to conclude that the prosecution was implying that the absence of controverting evidence was due to Brodenx's failure to testify. That is neither a clear nor a necessary implication from the prosecution's remark. Accordingly, we hold the trial court did not abuse its discretion by overruling Brodenx's objection to the prosecution's closing argument.

Brodenx's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


December 3, 2014                                    YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, J., and Barajas, Senior Judge
Barajas, Senior Judge (Sitting by assignment)

(Do Not Publish)