**AFFIRM; and Opinion Filed March 20, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01517-CR

### JOSE PEDRO AGUILAR-PINEDA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-12-34723-I**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill[1]
Opinion by Justice Brown

Jose Pedro Aguilar-Pineda appeals his conviction for aggravated sexual assault of a child. In three issues, appellant contends the trial court erred in allowing one of the State's witnesses to testify relying on an inadmissible document, in overruling his objection to a comment on his failure to testify, and in refusing to charge the jury on a lesser-included offense. We affirm the trial court's judgment.

Appellant was indicted for intentionally and knowingly causing the penetration of the female sexual organ of E.L., a child younger than 14, with his finger. Appellant pleaded not guilty. At trial, Irving Police Officer Ramona Gutierrez-Worthington, who conducted a custodial interview with appellant, testified that during the interview appellant admitted the assault

---

[1] Justice Bill Whitehill succeeded Justice Kerry FitzGerald, a member of the original panel, following Justice FitzGerald's retirement. Justice Whitehill has reviewed the briefs and the record before the Court. *See* TEX. R. APP. P. 41.1(a).

happened and that he deserved punishment. E.L. testified that appellant was a family friend and that he put his fingers in her vagina one time when she spent the night at his house. A jury found appellant guilty and assessed his punishment at life imprisonment and a $10,000 fine.

In his first issue, appellant contends the trial court erred in allowing Officer Worthington to testify relying on a document deemed inadmissible. The document involved is an English transcription of Worthington's interview with appellant, which was conducted in Spanish. For the following reasons, appellant's issue lacks merit.

The court held a pretrial hearing on the voluntariness of the custodial statement appellant gave to Officer Worthington. Worthington, a patrol officer at the time of trial, used to be a detective in the Family Advocacy Center. At the center, other detectives often asked for her help interviewing Spanish-speaking defendants. In August 2012, another detective asked her to interview appellant about the allegations he sexually assaulted E.L. Worthington read appellant his *Miranda* rights in Spanish. Appellant indicated he understood his rights and initialed and signed a Spanish form listing those rights. Appellant said he wanted to talk to Worthington, and Worthington did not think he was intoxicated or had any trouble understanding what she told him.

After Worthington's testimony at the hearing, the prosecutor told the court he had a transcribed copy of appellant's statement. The interview had been video recorded, and the State took the video to "a place where they watched the video and then transcribed and translated it." When the State indicated it would be offering the transcription into evidence at trial, defense counsel argued that neither the video nor the transcription was admissible. He objected on grounds that he had not been provided a copy of the transcription 45 days in advance (which apparently was the policy of the trial court) and that the video showed appellant in handcuffs and jail attire. Defense counsel acknowledged he had been in possession of the recorded interview

for more than 45 days. The prosecutor responded that he was offering the video for record purposes only, but planned on offering the transcription for all purposes. Defense counsel maintained the transcription was inadmissible under rule of evidence 1009, which governs translation of foreign language documents. Although the court had concerns about whether rule 1009 applied to the translation, it stated it did not believe that a certification from the translator satisfied the conditions of the rule. The judge, who was a visiting judge, indicated he wanted to call the elected judge to discuss the issue, and the proceeding ended for the day.

The next day, Officer Worthington testified before the jury about her interview of appellant. The prosecutor asked her if she had watched State's Exhibit 2, the video of the interview. Worthington testified that she had watched it the previous night to refresh her recollection. The State offered the video exhibit for record purposes only and did not offer the transcript into evidence. Defense counsel asked to take the witness on voir dire. Counsel asked Worthington if she had relied on the transcript to refresh her recollection. Worthington answered, "Yes, I guess you could say I did. I mean, I read it, but followed along with the video and just read what was being said from Spanish to English." The court admitted the video for record purposes only. Defense counsel objected to the witness being allowed to testify from the transcription, which he asserted was inadmissible, rather than from her recall of the video. Counsel argued it was prejudicial for Worthington to refresh her memory from something the State knew was inadmissible and of unestablished authenticity. The trial court overruled appellant's objection.

Appellant's first issue is based on the premise that the transcription was inadmissible and was suppressed by the trial court. Yet the record does not contain a ruling from the court that the document was inadmissible. Further, the one case appellant cites in this section of his brief involves a witness who was unable to answer a question while testifying, prompting the State to

refresh her recollection with a document. *See U.S. v. Carey*, 589 F.3d 187, 190 (5th Cir. 2009); *see also* TEX. R. EVID. 612 (about using writing to refresh witness's memory). Appellant argues that Worthington was not entitled to use the transcription because her recollection did not need refreshing. He did not make this argument to the trial court, and thus it is not preserved for review. TEX. R. APP. P. 33.1(a)(1). In any event, this was not a case where the witness needed to have her recollection refreshed while she was testifying. Here, prior to trial, Worthington prepared for her testimony by watching her Spanish interview with appellant and following along with the written translation into English.

Appellant also argues that Worthington was reciting from the transcription instead of testifying from her own refreshed recollection, and thus the court should have excluded her testimony. Again, appellant didn't make this argument in the trial court, and there is nothing in the record to suggest that happened here. We cannot conclude the trial court abused its discretion by overruling appellant's objection to Officer Worthington's testimony. *See Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006) (we review trial court's evidentiary rulings for abuse of discretion). We overrule appellant's first issue.

In his second issue, appellant complains the trial court erred in allowing Officer Worthington to comment on his failure to testify. During Worthington's testimony, the prosecutor asked if she had talked to appellant about the possibility of his case going to court. Worthington stated, "I had explained to him that in the event that this case does go to court, in this trial that he would have the opportunity to explain in trial what had happened with [E.L.] and him basically getting - -" Defense counsel interrupted to object on grounds that Worthington had commented on "someone's non-duty to testify." The court asked counsel to "say that again," and counsel again said the witness had commented on "someone's non-duty to testify" and also said it was "improper testimony." The court overruled the objection.

–4–

We will assume the trial court understood appellant's objection about a comment on his "non-duty" to testify to be an objection about a comment on his failure to testify. Evidentiary rulings are committed to the trial court's sound discretion. *See Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). The trial court does not abuse its discretion unless its decision lies outside the zone of reasonable disagreement. *Id.* In addition, even if the trial court abused its discretion in admitting evidence, this Court will not overturn a conviction for non-constitutional error if, after examining the record as a whole, the Court has fair assurance that the error did not influence the jury, or influenced the jury only slightly. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). The focus is not on whether the outcome of the trial was proper despite the error, but whether the error had a substantial or injurious effect or influence on the jury's verdict. *Id.* at 93–94.

A comment on a defendant's failure to testify violates both the state and federal constitutions as well as Texas statutory law. *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011). In assessing whether a comment is an impermissible comment on the failure to testify, we view the comment from the jury's standpoint and resolve any ambiguities in favor of it being permissible. *Id.* The implication that a witness referred to the defendant's failure to testify must be a clear and necessary one. *See id.* The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. *Id.* In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character. *Id.*

Here, the State did not solicit Officer Worthington's comment. The prosecutor asked Worthington if she had talked to appellant about the possibility of his case going to court. In response, Worthington said she explained to him that at trial he would have the opportunity to

explain what had happened with E.L. Officer Worthington's comment was made during the State's case-in-chief, so Worthington could not have known that appellant was not going to testify. In this context, it was not a direct comment on appellant's failure to testify. *See Bustamante v. State*, 48 S.W.3d 761, 765–66 (Tex. Crim. App. 2001) (timing of comment is factor to consider in determining whether it was comment on failure to testify). We conclude that from the jury's standpoint, the language and timing of Worthington's comment was not manifestly intended or was not of such a character that the jury would necessarily and naturally take it as a comment on appellant's failure to testify. The trial court did not abuse its discretion in overruling appellant's objection.

Even if the trial court erred in overruling appellant's objection, any error was harmless. Worthington's comment was not repeated or mentioned by the prosecutor. The court's charge instructed the jury that appellant had elected not to testify and that it must not refer to that fact during deliberations or take it as a circumstance against appellant. After reviewing the record as a whole, we cannot conclude any error had a substantial or injurious effect or influence on the jury's verdict. We overrule appellant's second issue.

In his third issue, appellant contends the trial court erred in overruling his request to charge the jury on a lesser-included offense. Appellant asked the court for a "lesser included," citing Officer Worthington's testimony. Defense counsel stated, "I believe there is evidence and testimony to suggest that there was touching on the girl other than her sexual organ." He argued that Worthington's testimony that appellant told her he touched E.L. raised a lesser included because it was not clear where the touching occurred. The trial court denied the request.

We note that appellant did not specify, at trial or in his appellate brief, exactly what lesser-included offense should have been included in the jury charge. In his brief, he mentions three possible lesser-included offenses to aggravated sexual assault of a child — attempted

aggravated sexual assault of a child, sexual assault of a child, and indecency with a child —
without identifying which of these was raised in this case. Appellant's request for an instruction
at trial was not specific enough to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a).
And this issue is inadequately briefed. *See id.* 38.1(i) (appellant's brief must contain clear and
concise argument for contentions made). Neither the trial court nor this Court should have to
speculate as to what lesser-included offense instruction appellant sought.

Even if the issue had been preserved for our review, we do not agree with appellant that
Officer Worthington's testimony raised a lesser-included offense. For a charge on a lesser-
included offense to be required, there must be some evidence in the record that if the defendant is
guilty, he is guilty only of the lesser-included offense. *Young v. State*, 283 S.W.3d 854, 875
(Tex. Crim. App. 2009). Worthington testified that appellant told her "he was touching [E.L.],
that he was caressing [E.L.], but that he was doing it in his sleep and maybe he didn't remember
what he was doing or didn't know what he was doing." Presumably, appellant thinks this raised
the lesser-included offense of indecency with a child by contact. *See* TEX. PENAL CODE ANN. §
21.11 (West 2011) ("sexual contact" means any touching of the anus, breast or any part of
genitals). Worthington explained to appellant what he was accused of doing to E.L. She
testified appellant initially denied the allegations, then admitted it was a possibility, stating,
"maybe I was dreaming," and eventually admitted that it did happen and that he deserved
punishment. Appellant never told Worthington where or how he touched E.L. Under these
facts, Worthington's testimony that appellant told her he touched E.L., without any specific
indication he did something other than penetrate her vagina with his fingers, does not raise the
lesser-included offense of indecency with a child. We overrule appellant's third issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131517F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE PEDRO AGUILAR-PINEDA,
Appellant

No. 05-13-01517-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-12-34723-I.
Opinion delivered by Justice Brown. Justices
Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of March, 2015.