**Opinion issued February 11, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00199-CR

————————————

**RODNEY GARCIA, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 2390024**

---

## MEMORANDUM OPINION

Appellant Rodney Garcia, Jr. challenges his conviction for the offense of

falsification of drug test results. *See* TEX. HEALTH & SAFETY CODE § 481.133(a). In

one issue, Garcia contends that the trial court violated his constitutional and statutory rights during jury voir dire by commenting on his right not to testify. We affirm.

## Background

On January 5, 2022, Garcia was scheduled to meet with his parole officer, Bode Mony, for his monthly drug test. Before the meeting, Officer Mony conducted a routine background check on Garcia and discovered that Garcia had an outstanding arrest warrant. Officer Mony notified the Houston Police Department, and Officer Valensky Etienne responded to the scene. After confirming Garcia's outstanding arrest warrant, Officer Etienne placed Garcia under arrest.

Officer Etienne searched Garcia before placing him in his patrol vehicle. During the search, Garcia told Officer Etienne that he had "fake pee" concealed in his pants. Officer Etienne found a bottle containing a yellow substance, which was wrapped in a heating pad, hidden in Garcia's boxers. Garcia explained that he had synthetic urine because he was "scared to pee dirty again."

Garcia was charged by information with falsifying drug test results, a Class B misdemeanor. *See id.* ("A person commits an offense if the person knowingly or intentionally uses or possesses with intent to use any substance or device designed to falsify drug test results."). The case proceeded to trial, and Garcia pleaded not guilty. During voir dire, the trial court judge gave the jury panel extensive instructions about their potential roles as jurors. The trial court judge addressed

2

Garcia's Fifth Amendment right not to testify, informing the jury panel that it may not consider or mention Garcia's decision to testify or not in reaching a verdict:

> Okay. 5th Amendment right. The defendant can, if they like, but they do have a right to not incriminate themselves. They have a right not to testify. Okay? If, in fact – and I don't know the answer to that. We'll find out whenever it happens but if, in fact, the defendant should decide not to testify, the responsibility on the jury's part is to not consider that one way or the other. That's what the law says.
>
> Is there anyone here who believes, well, Judge, I know it's what the law says but I – I don't know. I think if it were me, and I was the defendant, wild horses could not keep me off that stand. I need to hear from the defendant. Anyone feel that way? Will anyone hold it against the defendant if, in fact, they do not testify? Anybody? No? Okay.
>
> All right. Another part of that is when you're deliberating, should the defendant choose not to testify, you can't even bring it up in deliberation. Not only can you not consider it, you can't even talk about it. Anybody believe that they will be unable to follow that requirement? No? Okay. Anybody think that's unfair to the State that Hey, defendant does not have to testify?

Neither the State nor Garcia objected to the trial court judge's comments. The State and Garcia proceeded with their respective voir dire and the jury was empaneled. The State presented Officer Mony and Officer Etienne as witnesses. Garcia did not testify or call any witnesses. After closing arguments, the jury deliberated and found Garcia guilty. The trial court sentenced Garcia to sixty days in the Harris County Jail, with sixty days credit given for time served. This appeal followed.

**The Trial Court Judge's Comments on Garcia's Right Not to Testify**

In his sole issue, Garcia argues that the trial court judge's comments regarding his right not to testify violated his Fifth Amendment right not to testify and his Sixth Amendment right to trial by an impartial jury. *See* U.S. CONST. amends. V, VI. He further argues that the judge's comments violated Texas Code of Criminal Procedure article 38.05. *See* TEX. CODE CRIM. PROC. art. 38.05. The State responds that the judge's comments in context were meant to protect Garcia's rights and were not improper.

A.      **Error Preservation**

Most appellate complaints must be preserved by a timely request for relief in the trial court. *Unkart v. State*, 400 S.W.3d 94, 98 (Tex. Crim. App. 2013). Rule of Appellate Procedure 33.1(a) provides that, as a prerequisite to presenting a complaint for appellate review, the appellate record must show that the complaint was made to the trial court by a timely request, objection, or motion stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1); *see Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("To avoid forfeiting a complaint on appeal, the party must let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.") (internal quotations omitted).

4

It is undisputed that Garcia did not object to the judge's comments at the time they were made or raise such a complaint in any post-trial motion. Relying on *Proenza v. State*, 541 S.W.3d 786 (Tex. Crim. App. 2017), however, Garcia contends no objection was necessary to preserve his statutory and constitutional complaints about the judge's comments for appellate review. In *Proenza*, the Court of Criminal Appeals held that an Article 38.05 complaint regarding judicial comments is not forfeited on appeal by inaction in the trial court. *Id.* at 798–801. Therefore, Garcia is entitled to challenge the judge's comments under Article 38.05 for the first time on appeal. *See Flores v. State*, No. 01-20-00213-CR, 2022 WL 961554, at * 12 (Tex. App.—Houston [1st Dist.] Mar. 31, 2022), *aff'd*, 679 S.W.3d 695 (Tex. Crim. App. 2023) (citing *Proenza*, 541 S.W.3d at 801).

Although the majority opinion in *Proenza* did not specifically address error preservation in the context of a defendant's complaint that a trial court judge's comment violated his constitutional rights, in her dissent, Presiding Judge Keller stated that the majority adopted the stance that "*all* complaints about judicial comments in front of the jury are immune from preservation requirements[.]" *Proenza,* 541 S.W.3d at 814 (Keller, P.J., dissenting). We do not need to address this issue; for this appeal, we assume, without deciding, that Garcia may raise his constitutional challenge to the judge's comments for the first time on appeal. *See Gibson v. State*, No. 14-19-00827-CR, 2020 WL 7626406, at *5 (Tex. App.—

5

Houston [14th Dist.] Dec. 22, 2020, pet. ref'd) (mem. op., not designated for publication) (addressing merits of constitutional due process challenge to judicial comments during voir dire without deciding preservation issue); *see also Unkart*, 400 S.W.3d at 99–101 (addressing merits of challenge to judicial comments during voir dire without definitively stating no preservation required).

## B. Analysis

Garcia contends that, during jury voir dire, the trial court judge committed reversible error by making certain comments regarding his right not to testify. Specifically, he contends that the judge's comments violated Article 38.05, his Fifth Amendment right not to testify, and his Sixth Amendment right to trial by an impartial jury, asserting that the comments "caused the jurors to note – in their own minds at least – that a non-testifying defendant must surely be guilty."

A comment on a defendant's failure to testify violates the United States and Texas constitutions. *See Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011); *see also* U.S. CONST. amend. V (guaranteeing criminal defendant right to due process of law and right against compulsory self-incrimination, including right not to testify in his trial); U.S. CONST. amend. VI (guaranteeing criminal defendant "a speedy and public trial, by an impartial jury"); TEX. CONST. art. I, § 10 (guaranteeing a criminal defendant may not be compelled to testify or give evidence against himself in his trial); TEX. CODE CRIM. PROC. art. 1.05 ("In all criminal prosecutions

6

the accused … shall not be compelled to give evidence against himself."); TEX. CODE CRIM. PROC. art. 38.08 ("Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him . . . "). Therefore, "[n]either the trial judge nor the prosecutor can comment on the failure of an accused to testify." *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001).

To assess whether a particular statement was a comment on the defendant's right not to testify, an appellate court must view the comment from the jury's standpoint. *Randolph*, 353 S.W.3d at 891; *Bustamante*, 48 S.W.3d at 765. We consider the context in which the comment was made in determining "whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Randolph,* 353 S.W.3d at 891. If the judge's comment "might reasonably be construed as merely an implied or indirect allusion" to the defendant's silence or failure to testify, there is no violation. *Id.*

Garcia argues that a particular comment made by the judge—"I think if it were me, and I was the defendant, wild horses could not keep me off that stand"— was improper. But we decline Garcia's offer to consider the judge's comment in isolation, since doing so removes this particular comment by the judge from its necessary context. The judge made the comment while informing the jury panel

7

about Garcia's right not to testify in his trial. Before making the comment, she informed the jury that defendants may testify "if they like, but they do have a right to not incriminate themselves. They have a right not to testify." She then asked the jury panel whether *anyone believed* that "if it were me, and I was the defendant, wild horses could not keep me off that stand" and whether anyone felt they "need[ed] to hear from the defendant" to reach a verdict of not guilty. She then explained that, if so, she needed to hear from the panel member. In context, the judge commented on Garcia's *right* not to testify rather than his *failure* to testify. *See id.* (stating "a comment on a defendant's *failure* to testify violates both the state and federal constitutions as well as Texas statutory law") (emphasis added).

The record simply does not support Garcia's claim that the judge's comments made it more probable that the jury would convict him for failing to testify. As she questioned the jury panel about whether they would follow her instructions regarding Garcia's right not to testify, the judge informed the jury panel that she was unaware of Garcia's decision on testifying in the trial, but that the law prevented them from considering Garcia's decision either way. She stated, "Not only can you not consider [Garcia's decision], you can't even talk about it." She then confirmed that everyone on the jury panel would follow her instructions regarding Garcia's right not to testify. The judge never shared her personal opinion about whether Garcia should testify before the jury. She merely posed questions to ensure the jury

8

panel understood that Garcia's right not to testify precluded the jury from injecting into their deliberations their personal opinions about whether Garcia should testify. Accordingly, we conclude that the judge's comments did not violate Garcia's Fifth and Sixth Amendment rights. *See Unkart*, 400 S.W.3d at 101 (concluding defendant was not entitled to mistrial on basis of trial judge's comments during voir dire stating he personally would want to testify if accused of crime but others might have different perspective because comments "were made with the manifest intent to benefit the defendant and to protect his rights [and] were part of an extended effort to hammer home to the jurors that they should not hold a defendant's failure to testify against him"); *Knott v. State*, 513 S.W.3d 779, 801–02 (Tex. App.—El Paso 2017, pet. ref'd) (concluding trial court's explanation to jury panel of defendant's constitutional right against self-incrimination, using example in which driver charged with speeding took stand and unwittingly provided incriminating testimony, did not constitute direct comment on defendant's constitutional right to remain silent; trial court emphasized importance of defendant's constitutional right to remain silent and presumption of innocence, and jury would not have perceived trial court's message as being that defendants do not testify because they are guilty).

We further conclude that the judge's comments did not violate Article 38.05. *See* TEX. CODE CRIM. PROC. art. 38.05 (prohibiting trial court judge from commenting on weight of evidence in criminal proceedings or otherwise divulging

9

to jury her opinion of case); *Flores*, 2022 WL 9612554, at *15 (holding trial court's statements, including, "You can't be the one who is used to prove yourself guilty" and describing Fifth Amendment as "right not to be the one to prove yourself guilty" were descriptions of law, not comments on weight of evidence or remarks conveying judge's opinion of case to jury); *see also Proenza,* 541 S.W.3d at 791 (holding that judicial comment violates Article 38.05 if it is "reasonably calculated to benefit the State or prejudice the defendant's rights"). Garcia's sole issue is overruled.

## Conclusion

We affirm the trial court's judgment.

Amparo Monique Guerra
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.

Do not publish. Tex. R. App. P. 47.2(b).