

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHRISTOPHER MATTHEW FAUST, | § | |
| | | No. 08-13-00244-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Criminal Court Number Three |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC# 1151500) |
| | § | |

## **O P I N I O N**

This is an appeal from a misdemeanor DWI case in which Christopher Faust challenges the sufficiency of the evidence to support the conviction. He also complains of improper jury argument by the prosecutor. For the reasons that follow, we affirm.

### **FACTUAL SUMMARY**

Appellant was indicted for operating a motor vehicle while intoxicated. The only contested issue at trial was whether he was intoxicated, which was defined in the jury charge as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol into his body."

The only witness at trial was Officer Joe Earney of the Haltom City Police Department.[1]

---

[1]This appeal was transferred to this Court from the Fort Worth Court of Appeals pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedents of the Fort Worth Court to the extent they might conflict with our own. *See* Tex.R.App.P. 41.3.

By the time of trial, Officer Earney had been on the force for thirteen years; he had two additional years of law enforcement experience as a deputy sheriff and five years of experience in the Air Force as a security officer. At the time of Appellant's arrest, Officer Earney was working as a patrol officer, but he later became a DWI enforcement officer. He was certified to administer standardized field sobriety tests and designated as a "drug recognition expert" with training to recognize drivers who were impaired from various drugs. Officer Earney had conducted some 750 to 800 DWI investigations, leading to 250 arrests.

At 2:55 a.m. on March 25, 2009, Officer Earney clocked Appellant's vehicle going 82 mph in a 65 mph zone on the Airport Freeway. The officer caught up with Appellant's vehicle and in observing his driving, noticed that Appellant's vehicle moved to the outside lane, then weaved over the lane marker to the middle lane, and then back into its own lane.

The officer then activated his flashing lights and pulled Appellant over. While asking for Appellant's license and proof of insurance, Earney noticed the odor of alcohol, that Appellant's speech was slurred, and his eyes were heavy and watery. Appellant acknowledged that he had been drinking and claimed that he was heading home from the Taverna Night Bar in downtown Fort Worth. The bar would have been about four miles from the point where Officer Earney first spotted the speeding vehicle.

Appellant refused a request to perform a field sobriety test saying "you're trying to give me a DWI." At another point, he refused to take the test until a particular attorney could come and assist him. Nonetheless, the officer observed that Appellant's balance was "swayed and unsteady." Appellant was chewing gum, which is common for people trying to cover the odor of alcohol on their breath. His clothing was disheveled. Earney was alert for these signs because most intoxicated drivers are encountered between midnight and 4 a.m. In light of these

2

circumstances, Earney concluded that Appellant was intoxicated. In a pat down search, the Officer recovered a receipt from the Taverna Bar.[2] He then arrested Appellant and transported him back to the station.

Once back at the station, Appellant was placed in a "DWI room" where his interactions with the officer were recorded on DVD. Officer Earney read him the warnings on the "DIC-24" form which state that the refusal to give a specimen could be used against him, and subject him to a license suspension for six months. When asked if he could read and write the English language, Appellant responded "Si," although the rest of the conversations were all in English. Appellant refused to give a breath sample and again refused to participate in the standard field sobriety test, until the named attorney could be present.

Officer Earney testified at trial that Appellant's speech at the station was very loud. Appellant stated multiple times he would not do anything until he had the assistance of one particular attorney. The officer explained that loud and repetitive speech are indicators of intoxication. After viewing DVDs of Appellant at the station, and at the traffic stop as played to the jury, Officer Earney testified without objection that he believed it demonstrated Appellant's intoxication:

> Q. Did you believe that the defendant had lost the use of his mental faculties that night due to the introduction of alcohol?
>
> A. Yes.
>
> Q. Did you believe that the defendant had lost the normal use of his physical faculties that night due to the introduction of alcohol?
>
> A. Yes.

The jury found Appellant guilty, and the court imposed a $1,000 fine and 120 day jail sentence,

---

[2] The receipt is dated 3/24/09 and has a time stamp of 8:28:24. It is unclear what Appellant was doing, or where he was between 8:28 p.m. and 2:55 a.m., or why he told the officer he was coming from that bar at the time of the stop.

probated for two years.

## SUFFICIENCY OF THE EVIDENCE

Appellant's first issue challenges the sufficiency of the evidence to support the conviction. In reviewing the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict, and the reasonable inferences that flow from it, to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex.Crim.App. 2010). We look at "events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Cordova v. State,* 698 S.W.2d 107, 111 (Tex.Crim.App. 1985). Each fact need not point directly and independently to the guilt of the defendant, so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Johnson v. State,* 871 S.W.2d 183, 186 (Tex.Crim.App. 1993)("[i]t is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances."). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Guevara v. State,* 152 S.W.3d 45, 49 (Tex.Crim.App. 2004). "If, given all of the evidence, a rational jury would *necessarily* entertain a reasonable doubt as to the defendant's guilt, the due process guarantee requires that we reverse and order a judgment of acquittal." *Id.*

There is no dispute that Appellant was operating a motor vehicle in a public place in Tarrant County, and there is sufficient evidence that he was intoxicated ("not having the normal

use of mental or physical faculties by reason of the introduction of alcohol into his body."). The Court of Criminal Appeals has stated that "evidence that would logically raise an inference that the defendant was intoxicated . . . includes, *inter alia,* erratic driving, post-driving behavior such as stumbling, swaying, slurring or mumbling words, inability to perform field sobriety tests or follow directions, bloodshot eyes, any admissions by the defendant concerning what, when, and how much he had been drinking-in short, any and all of the usual indicia of intoxication." *Kirsch v. State,* 306 S.W.3d 738, 745 (Tex.Crim.App. 2010).

The officer here testified to many of those indicia, including Appellant's speeding, swerving across a lane line, odor of alcohol (and admitted drinking), slurred speech, loud speech, disheveled clothing, and blood shot eyes. His testimony alone would be sufficient to support the jury's verdict. *Annis v. State*, 578 S.W.2d 406, 407 (Tex.Crim.App. 1979)(experienced officer's testimony of intoxication sufficient to support verdict); *Huffman v. State*, No. 02-13-00175-CR, 2014 WL 3696132, at \*2 (Tex.App.--Fort Worth July 24, 2014, no pet.)(mem. op., not designated for publication)(officer's testimony that defendant was aggressive, smelled of alcohol, had slurred speech and bloodshot eyes, along with admission of drinking, failed field sobriety test, refusal of breath test and blood test was sufficient to support conviction). The jury had before it three DVDs showing Appellant's movement and demeanor by the side of the road and at the jail. Appellant's case at trial rested largely on these videos as he argued they did not show any obvious signs of intoxication.[3] But any ambiguity in Appellant's movement and demeanor as depicted on the DVDs was for the jury to resolve.

Moreover, Appellant refused to participate in a field sobriety test, and refused to give a

---

[3] The officer testified, and we agree, the audio and video quality of the DVDs is less than ideal. The DVD showing Officer Earney catching up to and pursuing Appellant is grainy. His microphone was not functioning and there is no audio of his interactions with Appellant at the scene. Another officer later came to the scene whose microphone did work, but only snippets of the conversation are audible over the ambient traffic noise. The audio from the DVD at the jail made everyone sound loud.

5

breath sample, even after being informed that he would lose his license for six months.  The jury

may consider the defendant's refusal to provide a breath sample as evidence of DWI.  *See*

TEX.TRANSP.CODE ANN. § 724.061 (West 2011); *Bartlett v. State,* 270 S.W.3d 147, 150

(Tex.Crim.App. 2008).  This evidence is sufficient to sustain the jury's verdict.  Issue One is

overruled.

## IMPROPER JURY ARGUMENT

In his second issue, Appellant complains of improper jury argument.  He asserts the trial

court committed reversible error when it overruled his motion for mistrial based on the State's

"direct" comment on his failure to testify.  There are only two statements in the closing argument

where Appellant objected that the prosecutor was commenting on Appellant's failure to testify:

> [PROSECUTOR]:  It may not look like it, but this is the most dangerous type of DWI defendant that we can bring in this courtroom.  He had a game plan.  He knew --

> [DEFENSE COUNSEL]:  Objection, Judge. Pardon me.  That's improper argument.  He had a game plan is outside the scope of any testimony and outside the record.  It's improper argument.

> THE COURT:  Sustained.

> [DEFENSE COUNSEL]:  Also, Judge, that is --basically, my client elected not to testify in this case, and that's a direct attack over the shoulder of my client regarding his right not to testify in this case.

> THE COURT:  Overruled.

> .          .          .

> [PROSECUTOR]  Ladies and Gentlemen, this defendant, I'm going to argue he thinks he's above the law.  I'm going to tell you that he thought his game plan was smarter than the law.

> [DEFENSE COUNSEL]:  I'll renew my previous objection regarding game plan, Judge.

> THE COURT:  Sustained.

[DEFENSE COUNSEL]: Ask the jury to disregard the criminal prosecutor.

THE COURT: The jury will disregard the last comment.

[DEFENSE COUNSEL]: I move for mistrial based on prosecutorial misconduct.

THE COURT: Denied.

We review a trial court's ruling on an objection asserting improper jury argument for an abuse of discretion. *Whitney v. State*, 396 S.W.3d 696, 703-04 (Tex.App.--Fort Worth 2013, pet. ref'd). We also review the decision not to grant a mistrial under the same standard. *Hawkins v. State*, 135 S.W.3d 72, 76 (Tex.Crim.App. 2004). Generally, there are four proper areas of jury argument: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to an argument of opposing counsel; and (4) pleas for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex.Crim.App. 2011), *cert. denied*, 132 S.Ct. 1099, 181 L.Ed.2d 986 (2012), *citing Brown v. State*, 270 S.W.3d 564, 570 (Tex.Crim.App. 2008); *Whitney*, 396 S.W.3d at 704.

We overrule Appellant's complaint for several reasons. First, we doubt that the quoted statements by the prosecutor directly, or even indirectly, commented on Appellant's failure to testify. In assessing whether the State violated Appellant's Fifth Amendment right not to testify, we must view the prosecutor's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument. *Randolph v. State,* 353 S.W.3d 887, 891 (Tex.Crim.App 2011). There must be a "clear and necessary" implication that the State referred to the defendant's right not to testify. *Id.* If the argument "might reasonably be construed as merely an implied or indirect allusion, there is no violation." *Id.*. The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify.

*Randolph*, 353 S.W.3d at 891; *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex.Crim.App. 2001). Courts should not find that the prosecutor intended to comment on the defendant's failure to testify if some other explanation for the remark is equally plausible. *Randolph*, 353 S.W.3d at 891, *quoting United States v. Rochan,* 563 F.2d 1246, 1249 (5th Cir. 1977).

We fail to see how the reference to a "game plan" points the jury to Appellant's decision not to testify. The context of the argument instead suggests that the game plan referred to Appellant's refusal to participate in the field sobriety test, and refusal to provide a breath specimen, until a specific attorney came to assist him. These actions could be seen as a ruse to avoid giving the State additional evidence which Appellant knew or suspected would prove his intoxication. The prosecutor's statement is a reasonable deduction from the evidence. *Freeman*, 340 S.W.3d at 727; *Brewer v. State*, No. 03-10-00076-CR, 2014 WL 709549, at *4 (Tex.App.--Austin 2014, no pet.)(mem. op. on remand)(jury argument claiming defendant was "hiding" more likely referred to his conduct at scene, rather than comment on decision not to testify).

Appellant relies on those cases which hold that comments calling for testimony which can come only from the defendant are really veiled references to the decision not to testify. *E.g*. *Swallow v. State*, 829 S.W.2d 223, 225 (Tex.Crim.App. 1992), *overruled in part by Randolph v. State,* 353 S.W.3d 887, 891 (Tex.Crim.App. 2011). But we fail to see how referring to a "game plan" falls into that category. The game plan was an inference from concrete actions that Appellant took at the time of his arrest, rather than his decision not to testify at trial.

Further, the trial court did not abuse its discretion in denying a mistrial. *Archie v. State*, 221 S.W.3d 695, 699-700 (Tex.Crim.App. 2007)(noting the error alleged is the trial court's failure to grant a motion for a mistrial and is judged by the abuse of discretion standard). In determining whether improper jury argument warrants a mistrial, we balance the severity of the

8

misconduct, the measures adopted to cure any misconduct, and the certainty of conviction absent the misconduct. *Mosley v. State,* 983 S.W.2d 249 (Tex.Crim.App. 1998). None of these factors weighs in Appellant's favor. As previously noted, we do not find that the "game plan" comment is a direct or indirect comment on Appellant's failure to testify. Hence the "severity" factor is negligible to non-existent. The trial court instructed the jury to disregard the statement, albeit for a different reason.[4] An instruction to disregard a comment on the defendant's failure to testify will generally cure any harm except in the most extreme cases. *Moore v. State*, 999 S.W.2d 385, 405 (Tex.Crim.App. 1999). Therefore the second factor weighs against Appellant. Finally, we do not find that this single comment was likely to sway the jury one way or the other. The jury was more likely focused on the DVDs (which they asked to be replayed during their deliberations), and the officer's testimony.

We conclude that the trial court did not err in denying Appellant's motion for mistrial. We overrule both issues presented for review and affirm the judgment of the trial court below.


April 15, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

---

[4] The trial judge in fact sustained Appellant's objection that the "game plan" argument was outside the record. On one of the occasions when the "game plan" was mentioned, the trial court gave an instruction to the jury to ignore it. Appellant did not ask for a similar instruction on the other occasion.