**Affirmed and Memorandum Opinion filed August 18, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00501-CR
NO. 14-14-00502-CR
NO. 14-14-00503-CR

**TIMOTHY HEARNE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause Nos. 1344552, 1344550 & 1344551**

## M E M O R A N D U M   O P I N I O N

Appellant appeals his conviction for three counts of indecency with a child. The jury assessed punishment at twelve years in prison on each count. In two issues, appellant contends that the trial court erred by (1) admitting six photographs of the complainants making gestures during a forensic interview; and (2) denying his motion for mistrial because the prosecutor commented on his failure to testify

during the punishment phase of trial. We affirm.

## BACKGROUND

On March 9, 2012, Officer Efrain Vaquera was dispatched to the complainant's house at 3730 Eagle Street, Harris County, Texas because the complainant's mother called to report that her daughter had been sexually abused. The six-year-old complainant's mother had been giving her a bath when the complainant, N.A., began putting her finger in her genital area. The mother asked the complainant what she was doing and who showed her how to do that. The complainant then told her mother that her grandfather, the appellant, put his finger in her private area. N.A. told Officer Vaquera that appellant had done this before and that he also did it to her cousin, D.O. Officer Vaquera spoke with D.O., who told him that appellant touched her private area on previous occasions. D.O. and N.A. were taken to Texas Children's Hospital where a SANE nurse performed exams on the children. A special investigator with Child Protective Services interviewed D.O., N.A., and their cousin, A.H. A.H. also explained that appellant touched her genital area on one occasion.

Appellant was charged by indictment with two counts of indecency with a child and one count of aggravated sexual assault of a child younger than 14 years of age. Tex. Penal Code § 21.11(a); Tex. Penal Code § 22.021(a). Appellant pleaded not guilty to the indictment. Appellant testified at the guilt-innocence phase of trial but did not testify at the punishment phase. The jury found appellant guilty on three counts of indecency with a child and assessed punishment at twelve years in prison for each count.

## ISSUES AND ANALYSIS

In two issues, appellant contends that (1) the trial court erred by admitting

six photographs depicting two of the complainants during their forensic interview because the photographs constitute inadmissible hearsay; and (2) the trial court erred by denying appellant's motion for mistrial during the punishment phase of trial because the prosecutor improperly commented on appellant's failure to testify.

## I.    Hearsay

Appellant contends that the trial court abused its discretion by admitting six photographs that depict the complainants making gestures during a forensic interview at the Children's Assessment Center. Appellant argues that the complainants' gestures in the photographs constitute "assertions by conduct" and are inadmissible nonverbal hearsay.

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). We must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id*.

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement. Tex. R. Evid. 801(d). A "statement" is (1) an oral or written verbal expression, or (2) nonverbal conduct of a person, if it is intended by the person as a substitute for verbal expression. Tex. R. Evid. 801(a). Nonverbal actions may be hearsay if they are "assertions by conduct." *Graham v. State*, 643 S.W.2d 920, 926–27 (Tex. Crim. App. 1981).

The six exhibits appellant complains of are still photographs taken from the Children's Assessment Center's videotaped interview with N.A. and D.O. Exhibits 8, 9, 10, 11, and 12 show N.A. making gestures with her hands while she is responding to the forensic interviewer's questions. Exhibit 16 shows D.O. making

a gesture with her hand in response to the forensic interviewer's question "how was he doing it with your school clothes?" Appellant argues that the six photographs admitted at trial are inadmissible hearsay because they are nonverbal conduct, intended as a substitute for verbal expression. We disagree.

Because the gestures were being made along with the complainants' verbal statements about what appellant did to them, we cannot say that the gestures were intended as a substitute for verbal expression. *See Foster v. State*, 779 S.W.2d 845, 862 (Tex. Crim. App. 1989) (holding that declarant's gesture "was not a substitute for verbal expression where a declarant is asked a specific question and responds assertively to that question in a non-verbal manner"). Because the photographs are not out-of-court statements, the trial court did not abuse its discretion by admitting them.

We overrule appellant's first issue.

## II.     Motion for Mistrial

In his second issue, appellant contends that the trial court erred by denying his motion for mistrial because the prosecutor improperly commented on his failure to testify during the punishment phase of trial.

A comment on a defendant's failure to testify violates both the state and federal constitutional privileges against self-incrimination, as well as Texas statutory law. *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011); *Archie v. State*, 340 S.W.3d 734, 738 (Tex. Crim. App. 2011). The defendant has a separate Fifth Amendment privilege not to testify at either the guilt or punishment phases of trial. *Randolph*, 353 S.W.3d at 891. A waiver of the privilege at the guilt phase does not waive the privilege for the punishment phase. *Id*. Thus, a comment on the defendant's silence at the punishment phase is improper even if the

4

defendant testified at the first phase of trial. *Id*.

A violation of defendant's constitutional privilege against self-incrimination occurs when "the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007). In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character. *Randolph*, 353 S.W.3d at 891; *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). It is not sufficient that the comment might be construed as an implied or indirect allusion to a defendant's failure to testify. *Bustamante*, 48 S.W.3d at 765. We view the challenged argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument. *Randolph*, 353 S.W.3d at 891. It cannot be said that the prosecutor manifestly intended to comment on the defendant's failure to testify, if some other explanation for his remark is equally plausible. *Id*.

A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). We review the denial of a motion for mistrial for an abuse of discretion. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). Only in extreme circumstances, where prejudice is incurable, will mistrial be required. *Id*.

Appellant testified at the guilt-innocence phase of trial but did not testify at the punishment phase. During the State's closing argument at the punishment phase of trial, the following took place:

> [The Prosecutor]: You haven't heard any remorse coming from the defendant. He is not here asking you for forgiveness.

[Defense Counsel]: Objection, Judge, that's a comment on the defendant's failure to testify.

[The Court]: Sustained.

[Defense Counsel]: Instruct to disregard, Your Honor.

[The Court]: You are instructed to disregard the last statement.

[Defense Counsel]: Motion for mistrial.

[The Court]: Denied.

[The Prosecutor]: He didn't get up here during guilt/innocence and express any concern for those children who he watched struggle up there on that stand. You haven't heard any desire on his part when he testified to help these children.

Assuming without deciding that the prosecutor's argument was an improper comment on appellant's failure to testify, we analyze the trial court's denial of appellant's motion for mistrial under the three factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Id*. at 700 (citing *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)). Except in the most blatant cases, harm from a comment on a defendant's failure to testify is cured by an instruction to disregard. *Moore v. State*, 999 S.W.2d 385, 405−06 (Tex. Crim. App. 1999).

Under the first factor, any prejudicial effect was not severe, nor did it have a large effect. After the trial court instructed the jury to disregard the argument, the prosecutor immediately clarified her comment by stating that appellant did not show remorse when he testified during the guilt/innocence phase. Appellant did not object to this portion of the prosecutor's argument. With respect to the second factor, the trial court took immediate curative measures by sustaining the objection

and instructing the jury to disregard the comment. The prosecutor immediately turned the jury's attention to appellant's lack of remorse during his testimony at the guilt/innocence phase of trial.

Under the third factor, the objected-to argument did not cause appellant's conviction because the argument was made at the punishment phase. The severity of appellant's punishment was likely due to the nature of the conduct described by the three complainants. The jury heard testimony from all three complainants during the guilt/innocence phase that appellant touched them in their genital area on multiple occasions. Indecency with a child is a second degree felony that carries a punishment range of imprisonment not more than 20 years or less than 2 years. Tex. Penal Code § 12.33. The jury's assessment of twelve years on each count is in the middle of the full range of punishment. Taking into consideration the jury's imposition of the middle of the range of punishment and the nature and severity of the crime, we find that the punishment assessed was certain absent the alleged misconduct. *See Schultze v. State*, 177 S.W.3d 26, 45 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). We conclude that the trial court did not abuse its discretion by denying appellant's motion for mistrial.

We overrule appellant's second issue.

### CONCLUSION

We overrule appellant's issues and affirm the judgment of the trial court.


/s/    Ken Wise
       Justice


Panel consists of Justices Christopher, McCally, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

7