

# NUMBER 13-21-00221-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

HECTOR DE LA CRUZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 107th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Hector De La Cruz appeals his conviction of aggravated assault with a deadly weapon against a person with whom he had a dating relationship, as defined by the Texas Family Code, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(1). By two issues, appellant argues (1) the "State committed reversible error by

commenting during trial and in front of the jury that [a]ppellant could testify if he wanted to"; and (2) the trial court committed reversible error by allowing the jury to deliberate for a second time to consider the special charge regarding an affirmative finding of a deadly weapon after already reaching a guilty verdict. We affirm.

## I. BACKGROUND

Appellant was indicted for aggravated assault with a deadly weapon against a person with whom he had a dating relationship, and the indictment alleged that appellant intentionally, knowingly, or recklessly caused serious bodily injury to his then-girlfriend, Sandra Claudio, by stabbing her with a knife, a deadly weapon, in the leg and shoulder. *See id.* A jury found appellant guilty of the offense. The trial court sentenced appellant to twenty-five years' confinement after finding two enhancement paragraphs to be true. *See id.* § 12.42(d). This appeal followed.

## II. APPELLANT'S RIGHT TO REMAIN SILENT

### A. Facts

During the State's case in chief of the guilt-or-innocence phase of trial, while appellant's attorney was cross-examining a witness, the following colloquy occurred:

| [Defense]: | Would it surprise you that today she said something different? She said that [appellant], my client, said, "You know, get all my stuff"— |
| --- | --- |
| [State]: | I'm going to object to anything that she says [appellant] said. If she wants to call [appellant] to the stand and ask her client questions, but these are facts and statements not in evidence, Judge. |
| [Defense]: | Your Honor— |
| [State]: | She's trying to get hearsay in through this witness. |

2

| | |
|---|---|
| [Defense]: | Your Honor, I'm referring to what the witness . . . testified to. |
| THE COURT: | Okay. Well, ask your question what she testified to, not what she said. That's the difference. |
| [Defense]: | Yes, Your Honor. And I would ask the Court to instruct the jury that my client has the right to remain silent, unlike what the State is trying to put the burden on my client to testify. |
| THE COURT: | I think that's— |
| [State]: | That's absolutely incorrect, Judge, if I may just clarify because I've been accused of something now. I am not trying to get the [appellant]—I respect his constitutional right not to testify, but I've heard Counsel say several times, "[appellant] said this." If [appellant] wants to say it, he can say it on the witness stand. |
| THE COURT: | Okay. Well, rephrase—rephrase your question. |
| [State]: | Thank you, Judge. |
| THE COURT: | And I've already admonished the jury about the right of the [appellant] not to testify— |
| [State]: | Absolutely. |
| THE COURT: | —yesterday. |
| [Defense]: | Thank you, Your Honor. |
| THE COURT: | Go ahead. |

The State did not make further comments regarding appellant's ability or choice to testify or remain silent. Appellant made no other requests or objections until the jury was deliberating when he moved for a mistrial, which the trial court denied.

## B.     Standard of Review and Applicable Law

Neither the State nor the trial court may comment on an accused's failure to testify, and any comment thereto violates the accused's privilege against self-incrimination and freedom from being compelled to testify under both the United States and Texas

3

Constitutions. U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08; *see Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011); *see also Mayorga v. State*, No. 13-18-00003-CR, 2019 WL 1474682, at *2 (Tex. App.— Corpus Christi–Edinburg Apr. 4, 2019, no pet.) (mem. op., not designated for publication). However, "the implication that the State referred to the [appellant]'s failure to testify must be a clear and necessary one." *Randolph*, 353 S.W.3d at 891. Thus, if the statement or comment by the State may "reasonably be construed as merely an implied or indirect allusion, there is no violation." *Id.* We consider the offending language from the jury's standpoint, and "[t]he test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the [appellant]'s failure to testify." *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). "[T]he context in which the comment was made must be analyzed to determine whether the language used was of such character." *Randolph*, 353 S.W.3d at 891. A reviewing court must "resolve any ambiguities in the language in favor of it being a permissible argument." *Id.*

"When a prosecutorial remark impinges upon an appellant's privilege against self-incrimination under the constitution of Texas or of the United States, it is error of constitutional magnitude." *Snowden v. State*, 353 S.W.3d 815, 818 (Tex. Crim. App. 2011). Thus, we must reverse the judgment unless we can conclude beyond a reasonable doubt that the error did not contribute to the appellant's conviction or punishment. *Id.* (citing TEX. R. APP. P. 44.2(a)).

**C.    Analysis**

While the State's comments appear to be an indirect allusion to appellant's potential choice to not testify, the complained-of comment was part and parcel of the hearsay objection, rather than an argument that appellant's possible failure to testify carried any weight as to his guilt or innocence.[1] *See Randolph*, 353 S.W.3d at 891; *see also* TEX. R. EVID. 802. Further, the State's attorney explicitly recognized appellant's right to not testify, and at the time the statement was made, the State had no knowledge as to whether appellant would testify during his case-in-chief. *See Bustamante*, 48 S.W.3d at 765–66 (considering the timing of the State's comments and whether the State's counsel could have known if the defendant would testify) (citing *Jackson v. State*, 501 S.W.2d 660, 662 (Tex. Crim. App. 1973)). Viewed from the perspective of the jury and resolving any ambiguities in favor of permissible argument, we conclude that the comment by the State was not manifestly intended or of such character that the jury would necessarily and naturally take it as a comment on the appellant's failure to testify. *See id.* Appellant's first issue is overruled.

### III.    SPECIAL JURY INSTRUCTIONS

By his second issue, appellant contends the trial court committed reversible error by sending the jury back to deliberate on the special question of whether a deadly weapon was used after it had already issued its verdict of guilty.

---

[1] By contrast, the cases relied on by appellant concerned closing arguments wherein the State argued that the defendant's failure to testify implicated their guilt. *See, e.g.*, *Owen v. State*, 656 S.W.2d 458, 459 (Tex. Crim. App. 1983); *Bird v. State*, 527 S.W.2d 891, 893–95 (Tex. Crim. App. 1975); *Trevino v. State*, 979 S.W.2d 78, 79 (Tex. App.—Austin 1998, pet. ref'd).

## A.    Facts

The trial court read its general charge to the jury and included the "Special Issue Verdict Form, Deadly Weapon." The form directed the jury that if it found the appellant guilty of aggravated assault with a deadly weapon, it must then answer whether the defendant "used or exhibited a deadly weapon" in the commission of the offense.[2] However, the special charge was not attached to the general charge when the jury deliberated. Accordingly, the jury returned a guilty verdict with only the general charge. After an off-the-record bench conference, the trial court sent the jury back to deliberate on the special jury instruction. The jury found that a deadly weapon was in fact used in the commission of the offense of aggravated assault with a deadly weapon.

After the jury returned with both findings, the following exchange occurred on the record:

> THE COURT:  Before we go, we need to clarify something on the record. Yesterday when I read the Charge—you may be seated.
>
>              . . . .
>
> THE COURT:  Yesterday when I read the Charge, I read—well, first of all, let me say this. The Charge did not include the Special Issue Verdict Form Deadly Weapon. I had a sidebar conference with the attorneys when I realized that, and they had no objection for me to include the Special Issue Verdict Form Deadly Weapon, and as a matter of fact, one of the attorneys gave me a copy because I didn't have one to attach to the Charge. And I did read the Special Issue

---

[2] As an element of the offense of aggravated assault with a deadly weapon, the general charge already instructed the jury on the definition of a deadly weapon and required the jury to find that one was used or exhibited in the commission of the assault. *See Walters v. State*, 247 S.W.3d 204, 212 (Tex. Crim. App. 2007) (holding that neither the defense nor State are entitled to a special jury instruction "if that instruction . . . is covered by the general charge to the jury"); *see also* TEX. PENAL CODE ANN. §§ 1.07(a)(17) (defining "deadly weapon"), 22.02(a)(2) (aggravated assault with a deadly weapon).

6

> Verdict Form Deadly Weapon to the jury.
>
> Now, am I correct, Counsel, before I go on, there were no objections?

[State]:     No objections, Judge, that is correct.

[Defense]:     That is correct, Your Honor.

Appellant never objected to the inclusion of the special jury instruction or the jury's subsequent deliberation on it. Although appellant filed a motion for new trial, he did not include anything regarding the special jury instruction or the trial court's direction to have the jury return to deliberation.

## B.     Preservation

Generally, to preserve an error for appellate review, a party must timely complain in the trial court. *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013) (citing TEX. R. APP. P. 33.1(a)); *but see Proenza v. State*, 541 S.W.3d 786, 794 (Tex. Crim. App. 2017) (recognizing that certain complaints are not subject to normal preservation rules).

Here, appellant specifically stated on the record that he had no objection to the trial court sending the jury back to deliberate on the special question regarding the use of a deadly weapon. Accordingly, any complaint regarding the trial court's actions was not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *Landers*, 402 S.W.3d at 254. Additionally, because the general charge required the jury to find that appellant used a deadly weapon as an element of the offense, the special jury instruction was superfluous. *See Walters v. State*, 247 S.W.3d 204, 212 (Tex. Crim. App. 2007) (holding that neither the defense nor State are entitled to a special jury instruction "if that instruction . . . is covered by the general charge to the jury"). Appellant's second issue is overruled.

7

## IV.   CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
15th day of June, 2023.